CHAMBERS, SURVIVING PARTNER, ETC., Plaintiff in Error, *v.* THOMAS RUBEY, Defendant in Error.

1. *Limitations, statute of—Acknowledgment and promise, what sufficient to avoid the statute.*—An acknowledgment of indebtedness, in order to take a case out of the statute of limitations, must contain an unqualified and direct admission of a present subsisting debt on which the party is liable and willing to pay.

An offer to compromise and a promise to pay part of an amount claimed if the offer were accepted, where the creditor refused to accept, was not an acknowledgment of an absolute subsisting debt, coupled with an admission that the party was liable and willing to pay, such as to remove the bar of the statute. Till the acceptance of the offer the liability did not accrue.

*Error to Sixth District Court.*

*T. J. C. Fagg*, for plaintiff in error.

To say that the acknowledgment must be one of a subsisting debt which the party is ready and willing to pay, is to say that the acknowledgment must in terms also show a promise to pay. If that be so, then there is really no distinction between an acknowledgment and a promise. The statute (Gen. Stat. 1865, p. 749, § 28) evidently intended to make such a distinction; and the true statement of the rule is that it must be such an acknowledgment as does not rebut the presumption of an intention to pay. (41 Mo. 264.)

It can not be said that defendant's letter was an offer to compromise. There was no dispute between the parties as to the amount due, nor as to the terms of payment. No question was raised as to the liability of defendant; and all this seems to be clear and distinct from the terms of the letter itself. There is a condition attached to the surrender of the amount of money which Rubey says he has in his hands and proposed to divide among his creditors; but how does that affect the acknowledgment of his indebtedness? Suppose his proposition is not accepted by his creditors and the condition still remains unperformed. What does he say will be his course in reference to the matter? He does not say that in that event he will rely upon the bar of the statute to protect him, nor does he in any way

intimate that he does not intend to pay the debt. The promise is without qualification, and not made dependent upon any conditions whatever. (See generally, in relation to the case at bar, Cowan v. Magauran, Wall. C. C. 66; Arnold v. Dexter, 4 Mass. 122; Bank of Alexandria v. Clarke, 2 Cr. C. C. 464; Rhodes v. Hadfield, id. 566; Reynolds v. Calvert, 3 Cr. C. C. 211; Young v. Wetzell, id. 359; Archer v. Poor, 5 Cr. C. C. 542; Wetzell v. Bussard, 11 Wheat. 309; Thompson v. Peters, 12 Wheat. 565; Bell v. Morrison, 1 Pet. 351; Kampshall v. Goodman, 6 McL. 189; Davis v. Van Zandt, 2 Cr. C. C. 208; Danforth v. Culver, 11 Johns. 146; Johnson, Adm'r, v. Beardslee, 15 Johns. 3; Martin v. Williams, Ex'r, 17 Johns. 330; Carr's Adm'r v. Hurlburt's Adm'r, 41 Mo. 264.)

*Henderson & Dyer*, for defendant in error, cited 2 Pick. 368; 15 Johns. 511; 8 Cranch, 72; 1 Serg. & R. 176; 9 Serg. & R. 128; 11 Whart. 309; Hardin, Ky., 301; 2 Bibb, 284; 3 Bibb, 269; 40 Mo. 268.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff brought his action in the Louisiana Court of Common Pleas, on the 21st day of April, 1869, on account of goods sold to the defendant in April, 1856. The defense was the statute of limitations. Replication, a new promise by which the case was taken out of the statute, etc.; upon issue joined, judgment was given for the defendant.

The writing by which the bar of the statute was sought to be avoided was a letter written by the defendant to the plaintiff, dated March 3, 1866, in which he says: "By dint of hard labor for the last few years, I have saved, besides supporting my family, one thousand dollars, and I propose giving it all up to my creditors — that is, the creditors of Lea & Rubey — to be equally distributed between them, provided they will entirely release me from further obligations. I have just heard from all the creditors except yourselves, and all have agreed to the proposition; and now I extend it to you for your decision, hoping you will answer immediately. Most of the creditors have judgments.

If the proposition is agreed to by all parties, I will surrender it all; otherwise it would be useless."

The question is whether this is sufficient, under a just and proper construction of the statute, to remove the bar. In the case of Carr's Adm'r v. Hurlburt's Adm'r, 41 Mo. 264, it was said that to take a case out of the statute of limitations there should be either an express promise to pay or an acknowledgment of an actual subsisting debt on which the law would imply a promise. But if the acknowledgment was accompanied with conditions or circumstances which repelled or rebutted the presumption of a promise or intention to pay, or if the expressions used were vague, equivocal, or ambiguous, leading to no certain or determinate conclusion, they would not satisfy the requirements of the statute. It is not necessary, however, that the promise should be express; it may be raised by implication of law, from the acknowledgment of the party. But such acknowledgment should contain an unqualified and direct admission of a present and subsisting debt on. which the party is liable and willing to pay.

Where the maker of a note agreed with the holder to pay him a certain proportion of the amount due, in full discharge of the note, and afterward made and signed a note for the amount so promised, and offered it to the holder in payment of the first note, and the holder refused to receive it, it was held that that was not such an acknowledgment or new promise as would take the first note out of the statute. (Smith v. Eastman, 3 Cush. 355.)

In the case at bar, the defendant wrote to the plaintiff that he had a certain sum of money, and proposed giving it all up to his creditors for equal distribution, provided they would entirely release him from all obligations; and he extended that proposition to the plaintiff for his decision. This was certainly not an acknowledgment of a subsisting debt, coupled with an admission that the party was liable and willing to pay. Instead of an admission, it was an offer of compromise and a promise to pay part for the whole. And as the offer of compromise was not accepted, the liability did not accrue. I can not see that there

is any color for saying that the writing constituted such an acknowledgment or promise as removed the bar of the statute.

Judgment affirmed. The other judges concur.