Chidsey v. Powell.

CHIDSEY v. POWELL, *Executor, Appellant.*

1. **Statute of Limitations:** ACKNOWLEDGMENT OF DEBT. An acknowledgment in writing to take a debt out of the bar of the statute of limitations, may be made before the same is barred, and the statute, in such case, will begin to run from the time of the acknowledgment.

Chidsey v. Powell.

2. ———— : SUFFICIENCY OF ACKNOWLEDGMENT OF THE DEBT. An acknowledgment of the debt, and that it remains unpaid, although there is no expression of a willingness to remain bound, will avoid the bar of the statute of limitations, unless it is accompanied with conditions or circumstances which rebut or repel an intention to pay.

3. ———— : ————. A letter construed and held to contain an unequivocal acknowledgment of an actual subsisting debt.

4. **Practice in Supreme Court.** Objection to the sufficiency of an affidavit made in the probate court in support of a claim against an estate, cannot be made, for the first time, in the Supreme Court.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*Goode & Cravens* for appellant.

(1) The affidavit to the copy of the note did not meet the statutory requirement that the affiant had given credit to the estate for all payments and offsets to which the estate was entitled. R. S., sec. 195. (2) The statute of limitations had run against the demand. The acknowledgment contained in the letter, relied upon to avoid the bar of the statute, is coupled with remarks which preclude the presumption of a promise to pay. *Carr's Adm'r v. Hurlbut*, 41 Mo. 264; *Chambers v. Ruby*, 47 Mo. 99; *Buckner v. Johnson*, 4 Mo. 100; *Warlick v. Peterson*, 58 Mo. 408; *Sands v. Gelston*, 15 Johns. 511; 6 Johns. Ch. 266–290; *Moore v. Bank*, 6 Peters, 87; *Bloodgood v. Bruen*, 8 N. Y. 362. To remove the bar of the statute there must be either: (*a*) A new promise to pay at all events; (*b*) a new conditional promise to pay; in which case it must be shown that the condition has happened; or, (*c*) an acknowledgment of the party from which the law will raise the implication of a promise. But such an acknowledgment ought to contain an unqualified and direct admis-

sion of the debt which the party is liable and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay; if the expression be equivocal, vague, or indeterminate, leading to no certain conclusion, but, at best, to probable inference, which may affect different minds in different ways, it is not sufficient. *Bell v. Morrison,* 1 Peters, 351; *Wetzell v. Bussard,* 11 Wheat. 309; *Ten Eyck v. Wing,* 1 Mich. 40; *Allen v. Webster,* 15 Wend. 284. (3) A new acknowledgment is not sufficient. There must be a willingness to pay, and an intention to pay. *Leaper v. Tatton,* 16 East. Rep. 420. If a partial payment, or acknowledgment is made, accompanied by circumstances which rebut the presumption of a promise to pay, the debt is not revived. *Jewett v. Petit,* 4 Mich. 508. Promise to pay cannot be inferred from an expression of inability to pay. *Cromer v. Platt,* 37 Mich. 132. Where the debtor, admitting the debt, said he was poor and unable to pay anything at that time, but he hoped to see the plaintiff and do something about it, it was held insufficient. *Handcock v. Bliss,* 7 Wend. 267.

*J. P. McCammon* for respondent.

(1) The affidavit to the copy of the note is a substantial compliance with the statute. R. S., sec. 195. Besides, no such objection having been made in the circuit court, it is too late to raise it now. *De-Reaumer v. Express Co.,* 84 Mo. 529. (2) The letter of Wm. Addis to plaintiff prevented the bar of the statute. It is not necessary, under the statute (R. S., sec. 3248), that there be a promise to pay the debt, to take the case out of the statute. Either an acknowledgment, or a promise, is sufficient. *Rolf v. Pillond,* 19 N. W. Rep. 615; *Stuby v. Champlin,* 4 Johns. 462; Angell on Lim. [5 Ed.] secs. 208, 209; *Patterson v. Choate,* 7 Wend. 441; *Whitney v. Reese,* 11 Minn. 138; *Elder v. Dyer,* 26 Kan. 604; *Elliott v. Leake,* 5 Mo. 210; *Palmer v. Gil-*

*laspie*, 95 Pa. St. 340 ; *Deboach v. Turner*, 7 Rich. 143 ; *Deforest v. Hunt*, 8 Conn. 180.

BLACK, J.—This suit was begun in the Greene county probate court, and is founded upon a promissory note, dated October 1, 1871, and signed by Wm. Addis, whereby he promises to pay Wm. Chidsey, the plaintiff, two hundred and fifty dollars, in one year after the date thereof. The executor, as a defence, interposed the statute of limitations. To avoid the bar of the statute, the plaintiff, on the trial anew in the circuit court, read in evidence the following letter, shown to have been written by the deceased :

"OXFORD, Butler Co., Ohio, March 30, 1876.
" *Dear Brother Chidsey,—*

"Your letter came to hand, but I have mislaid it somehow, and cannot lay my hand on it any more. * * * And now, brother, I must say to you something about money matters. I am very sorry that I cannot comply with your request to let you have some part of the debt I owe you ; but let me say to you, for the last three years I have had bad luck from the failure of fruit. Last year, at this time, the orchards had the appearances of a greater crop up to the night of the thirteenth, when the frost killed everything—put at least one thousand dollars out of my pocket. And now there is a fair prospect for a good crop of apples, and some peaches, but all may be killed. Young bushes, corn, and oats, and wheat, was badly injured by so much rain. I hope it will be better this year, and I do not know what we farmers will do. My kind love to your family, and believe me, as ever,

"Your friend and brother,
"WM. ADDIS.

"April 4—Bob was here to-day, but I had to disappoint him. I am sorry ; and cannot see now when I can pay any. WM. A."

The defendant asked and the court refused the following instructions :

"2.   The letter of deceased, read in evidence by plaintiff, does not constitute a sufficient acknowledgment of the debt to take the case out of the statute."

"3.   The letter having been written prior to the statutory bar of the note and while said note was of itself in full force, cannot be ·relied upon to take the case out of the statute."

1. · As to the third instruction it is sufficient to say that we recently held in the case of *Mastin v. Branham*, · 86 Mo. 644, that an acknowledgment,· to take the debt out of the statute,. may be made before the debt is barred ; that when the acknowledgment is thus made, before the debt is barred, the statute will begin to run from the time of the acknowledgment.

2.   There is no question but the letter of Addis, read in evidence, related to the note in suit, so that the real question is, does that letter contain such an acknowledgment as will avoid the plea of the statute of limitations.   In view of the many conflicting decisions upon this subject, it is well to keep in view our statute, which, in substance, is, that no acknowledgment or promise shall be evidence of a new or continuing contract, whereby to take any case out of the operation of the statute, unless such acknowledgment or promise be made or contained by, or in some writing subscribed by the party chargeable.   It is to be observed, in the first place, it is not necessary to show an express promise ; an acknowledgment will be sufficient.   What, then, are the essential elements of the acknowledgment to make it effectual ?   In the case of *Elliot v. Leake*, 5 Mo. 209, it was said :  "It is not necessary that the party should acknowledge a willingness to pay the debt ; it is sufficient that he acknowledged that he owed the debt, and that it remained unpaid.   That evidence which will create an obligation will revive that obligation, if con-

nected with evidence that the obligation has not been discharged." To the same effect is the case of *Boyd, Adm'r, v. Hurlbut, Adm'r,* 41 Mo. 264. But if the acknowledgment is accompanied with conditions, or circumstances which repel or rebut an intention to pay, then it will not be sufficient to defeat the bar of the statute. *Boyd, Adm'r, v. Hurlbut, supra; Mastin v. Branham, supra; Chambers v. Rubey,* 47 Mo. 99. The presumption of a promise to pay, arising from an acknowledgment, is, from such circumstances, destroyed.

From these adjudications it is clear that an acknowledgment of a debt and that it remains unpaid, though there is no expression of willingness to remain bound, will avoid the bar of the statute of limitations, unless accompanied with conditions, or circumstances which rebut or repel an intention to pay. In the present case the deceased, by the letter, when speaking of the note in suit, says of it, "the debt I owe you." There is here an unequivocal admission and acknowledgment of an actual subsisting debt. This is clear beyond all doubt. He then express.s his inability to pay any part of the debt at that time, and proceeds to give his reasons therefor. Instead of saying anything showing an intention not to pay the debt, he expresses a regret of his inability to then pay it, or any part thereof. We see nothing in the letter indicating a purpose not to pay, or that is inconsistent with the promise to pay, arising from the acknowledgment. The only thing left uncertain by the letter is as to when he could pay the note, but that uncertainty does not destroy the effect of the unequivocal acknowledgment of an existing debt. *Warlick v. Peterson,* 58 Mo. 408.

3. The further claim of the appellant is, that the affidavit filed with the claim is not in compliance with section 195, Revised Statutes, in this, that it does not state that the claimant has "given credit to the estate for all payments and offsets to which it is entitled."

The affidavit does say: "said claim is just, lawful, past due and unpaid, and there is no setoff against the same, whatever." It is enough to say of this point that no such question was made on the trial, and it cannot be made here for the first time, though more might be said.

The judgment is, with the concurrence of the other judges, affirmed.