JONATHAN KIRKBRIDE *et al.*, Appellants, v. WILLIAM J. GASH, Executor, Respondent.

**St. Louis Court of Appeals, February 19, 1889.**

1. **Evidence:** PRELIMINARY PROOF. No prejudicial error can be assigned of the court's refusal to permit a witness to identify a letter, when its identification was otherwise fully established in the course of the trial.

2. **Statute of Limitations :** NEW PROMISE. An acknowledgment of an existing indebtedness which is guarded by a declaration of inability to pay it at any time, is not such a new promise as will take the claim out of the statute of limitations. Such a declaration is properly inferred from a debtor's letter saying : " It would give me far more pleasure to pay that *old* debt, than for you to receive it. I am now nearly eighty-seven years old and it has been all I could do to make a living."

*Appeal from the Marion Circuit Court.*—HON. THOMAS H. BACON, Judge.

AFFIRMED.

*Edward McCabe,* for the appellants.

The court erred in excluding the testimony of the witness Fyfer. It was not proposed to examine the witness as "as to the contract or cause of action in issue and on trial." The object was to prove that he, the witness, as a member of the firm of J. Kirkbride & Co., had received the letter afterwards read in evidence in due course of mail. For this purpose it is submitted that he was competent and should have been permitted to testify on that point. R. S. 1879, sec. 4010. The letter read in evidence was sufficient to avoid the bar of the statute. There can be no question but that the

letter related to the note in suit. A copy of the letter was exhibited to the deceased, and the note was shown to him. The statement of deceased was, that "he had written the letter in reference to that particular note," and therefore the real question and the only remaining one is, does the letter contain such an acknowledgment as will avoid the plea of the statute of limitations. It is not necessary to show an express promise; an acknowledgment will be sufficient. "It is not necessary that the party should acknowledge a willingness to pay the debt; it is sufficient that he acknowledged that he owed the debt and that it remained unpaid. That evidence, which will create an obligation, will revive that obligation, if connected with evidence that the obligation has not been discharged." *Elliot v. Leake*, 5 Mo. 209; *Boyd v. Hurlburt*, 41 Mo 264; *Chambers v. Rubey*, 47 Mo. 99; *Chidsey v. Powell*, 91 Mo. 627. Here is an unequivocal acknowledgment of an existing debt, and there is no uncertainty about it save as to the time when he could or would pay it, and this is not sufficient to destroy the effect of the acknowledgment. *Warlick v. Peterson*, 58 Mo. 408.

*W. M. Boulware*, for the respondent.

Plaintiff Fyfer was offered as a witness only to make preliminary proof in order to the introduction in evidence of the note and letter. Plaintiffs made the necessary preliminary proof otherwise and read the note and letter in evidence without objection, and therefore the question as to whether plaintiff was rightly excluded or not is not of the slightest significance. The error, if any was committed, was not material. The letter did not remove the bar of the statute. In the absence of controlling authority ( *Martin v. Branham*, 86 Mo. 643; *Chidsey v. Powell*, 91 Mo. 623), it would not appear to

be by any means certain that an acknowledgment of the indebtedness in a case wherein the bar of the statute had not attached would affect the running of the statute. That a writing shall operate to remove the accrued bar of the statute, it is necessary that it either contain a promise to pay in expressed terms, or such form of words that a promise to pay is carried implicitly by them. If it in express terms acknowledges a present subsisting legal liability to pay, a promise to pay may be inferred as a fact. A promise to pay must either be expressed or abide implicitly in the terms used. *Carr v. Hurlburt*, 41 Mo. 264 ; *Chambers v. Rubey*, 47 Mo. 99 ; *Martin v. Branham*, 86 Mo. 643 ; *Cape Girardeau v. Harbison*, 58 Mo. 95.; *Allen v. Collins*, 70 Mo. 138 ; Chit on Cont. ( 9 Am. Ed.) top 843, side 717, *et seq*, and Am. note 2 ; *Id.*, top 852, side 725 and notes ; *Id.* top 865, side 635, and Am. note 1 ; *Buckner v. Johnson*, 4 Mo. 100 ; 3 Pars. Cont. ( 5 Ed.) 63 ; *Id.* 67, 68, 70. The terms used in the letter, when considered with reference to the circumstances appearing upon the face of the letter and note, clearly repel the intention to pay, and are inconsistent with a promise to pay. In point of fact the plaintiff could not have understood the letter as being other than a plea of the statute of limitations couched in the polite language of epistolary correspondence.

BRIGGS, J., delivered the opinion of the court.

This is a proceeding begun in the probate court of Marion county, in which plaintiffs presented to said court, a note for allowance, against the estate of James P. Shropshire, deceased, dated January 1, 1861, for $169.58 due one day after date and bearing ten per cent. compound interest. There were no credits on the note. There was a judgment for defendant in the probate court and on a trial anew in the circuit court, the case was submitted to the judge, without the aid of a jury,

which also resulted in the disallowance of the claim. The statute of limitations was interposed by the defendant, and the counsel for plaintiffs undertook to relieve the case from the statutory bar, by showing that within ten years, the deceased had acknowledged in writing that he owed said note, and that it remained unpaid, and that this amounted to a new promise under the statute. To maintain this, plaintiffs after the necessary preliminary proof, read in evidence the note, and also the following letter written by deceased to plaintiffs :

"PALMYRA, Mo., June 9, 1887.

" *Messrs. Fyfer, Trimble & Co.*

"DEAR SIRS :—Your letter of June 1, at hand, and in reply to it will say to you, that it would give me far more pleasure to pay that *old* debt, than for you to receive it. I am now nearly eighty-seven years old, and it has been all I could do to make a living.

" Respectfully, etc.

" J. P. SHROPSHIRE."

The proper construction of this letter, or its legal effect, is the only question presented by this record for our determination. The plaintiffs objected to the action of the court in refusing to permit one of plaintiffs to identify the letter read in evidence, but even if that was error, the necessary preliminary proof, as to the identity of the letter, was made by another witness, and plaintiffs were in no way prejudiced by the action of the court.

As to what constitutes a new promise under our statute, so as to remove the statutory bar, has been the subject of a great deal of discussion. We think that the true rule, as gathered from the authorities, is, that there must be either an expressed written promise to pay the debt, or a written acknowledgment of a subsisting debt, so distinctly and unequivocal in its terms, as that a promise to pay may be reasonably inferred. If the party, sought to be charged, guards the acknowledgment with a refusal to pay, or a statement of inability

to pay at any time, or something that is tantamount thereto, then the implied promise to pay does not arise, from the acknowledgment of the debt and that it remains unpaid.

The case of *Chidsey v. Powell*, 91 Mo. 627, is the last adjudication of the supreme court on this subject. The court in discussing the letter relied on in that case said: "We see nothing in the letter indicating a purpose *not* to pay, or that is inconsistent with the promise to pay, arising from the acknowledgment." The court also said: "In the present case the deceased, in the letter, when speaking of the note in suit says: "the debt I owe you." There is here an unequivocal admission and acknowledgment of an actual subsisting debt." * * * "He then expresses his inability to pay any part of the debt *at that time*, and proceeds to give his reasons therefor." The court held that this was a new promise. In case of *Carr v. Hurlburt*, 41 Mo. 267, the court says: "To take a case out of the statute of limitations, there should either be an express promise to pay, or an acknowledgment of an actual subsisting debt, on which the law would imply a promise and it will be sufficient if the party acknowledges the indebtedness without an expression of willingness to remain bound. But if the acknowledgment is accompanied with condition, or circumstances, which repel or rebut the presumption of a promise or intention to pay, or if the expressions used be vague, equivocal or ambiguous, leading to no determinate or certain conclusion, they will not satisfy the requirements of the statute."

In the case of *Chambers v. Rubey*, 47 Mo. 99, the court decided "that an acknowledgment which would be sufficient to relieve a case from the operation of the statute should contain an unqualified and direct admission, of a present and subsisting debt, on which the party is liable and willing to pay." In that case Rubey

had written to Chambers that he had saved one thousand dollars, which he proposed to divide among his creditors, ( including Chambers ), if his creditors would take that amount and release him. The court decided that this acknowledgment by Rubey of the Chambers debt was not coupled with an admission that he was liable and willing to pay, so as to remove the bar of the statute.

Now let us endeavor to apply these legal principles to the letter in the case at bar, and ascertain whether the language used would amount to a new promise to pay, or whether the new promise could be reasonably inferred. Deceased wrote : " Your letter of June 1 at hand, and in reply to it will say to you that it would give me far more pleasure to pay that *old* debt, than for you to receive it." We are not prepared to say that this portion of the letter amounts to an unequivocal admission and acknowledgment of a subsisting debt. In case of *Chidsey v. Powell, supra*, the language used was, "The debt I *owe* you." This was a direct admission that there was a present indebtedness, for the payment of which the writer was liable. In the case at bar, the deceased speaks of the note as " that old debt," rather negativing the idea of a present and subsisting debt. And in the same connection he said : "That it would give me more pleasure to pay, etc., than for you to receive it." The expressions used by deceased, touching the existence of the debt are rather vague, ambiguous, and lead to no certain conclusion, and we are inclined to think brings the case within the rule declared in *Carr v. Hurlburt*, supra. But conceding that this portion of the letter amounts to a written acknowledgment of a present and subsisting debt, was this acknowledgment guarded with a refusal to pay, or a statement of *inability, at any time* to pay the debt ? In that portion of the letter commented on, the writer indicates an inability to pay, but he left no doubt of this, when

he said : "I am nearly eighty-seven years old, and it has been all I could do to make a living. Respectfully, etc." By this last clause, deceased evidently, intended and did in effect say to plaintiffs, that he was then a very old man, and had long since passed the money-making period in life, and that it had been with great difficulty, that he had been able to make a living ; while it would give him great pleasure to discharge the moral obligation resting upon him, by the payment of "*that old debt*," yet he would not impoverish himself in his extreme old age, in order to do it. The deceased clearly guarded his acknowledgment of the existence of the debt (if he made any such acknowledgment), by a statement of *his inability to pay at any time*, and it is not unreasonable to infer from the language used, that he intended to express an unwillingness to be further bound. As suggested by counsel, we think this letter was a very polite and gentlemanly plea of the statute of limitations.

The judgment is for the right party and ought to be affirmed, which is accordingly done. All the judges concur.