BENJAMIN F. WILLIAMSON, Appellant, v. JOHN R. WILLIAMSON, Respondent.

Kansas City Court of Appeals, May 16, 1892.

Limitations: PROMISE TO STRANGER: AGENT: KNOWLEDGE. A written acknowledgment in order to take a barred demand out of the statute of limitations must be made to the creditor or his agent, and not to a stranger; and if to an agent it must be made with the knowledge of the agency.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*F. K. Wilding*, for appellant.

(1)   Our statute of limitation is broad. To take any case out of its operation, all that is necessary is that the "acknowledgment or promise be made or contained by or in some writing subscribed by the party chargeable thereby." R. S. 1889, sec. 6793. In this case the above requirements have been complied with, the letter relied on contains an unqualified acknowledgment as well as an unqualified promise or intention to pay.   (2)   A mere acknowledgment without a promise to pay is sufficient, unless accompanied by conditions or circumstances rebutting an intention to pay. *Chidsey v. Powell*, 91 Mo. 623; *Mastin v. Branham*, 86 Mo. 644; *Boyd, Adm'r, v. Hurlbut*, 41 Mo. 264; *Elliot v. Leake*, 5 Mo. 208; *Warlick v. Peterson*, 58 Mo. 408; *Drake v. Sigefoos*, 39 Minn. 367; *Pickering v. Frink*, 62 N. H. 342; *Russ v. Cunningham*, 16 S. W. Rep. (Tex.) 446; *Ayers v. Bane*, 39 Iowa, 519; *Stewart v. McFarland*, 50 N. W. Rep. (Iowa) 221; Wood on Limitations (1883) ch. 7, sec. 68, p. 139.   (3)   Any language of the debtor clearly admitting the debt and showing an intention or willingness to pay it will be considered an implied promise to pay, and will take the case out of the statute. *Chidsey v. Powell, supra; Mastin v. Branham, supra; Chambers v. Rubey*, 47 Mo. 99; *Boyd v. Hurlbut, supra; Aylett v. Robinson*, 9 Leigh (Va.) 45; *Abraham v. Swann*, 18 W. Va. 275; Wood on Limitations (1883) ch. 7, sec. 77, p. 185, cases cited in note 2; *Norton v. Shepard*, 48 Conn. 141; *Kallenbach v. Dickinson*, 100 Ill. 433; *Wooters v. King*, 54 Ill. 343; *Gailer v. Grennell*, 2 Aik. (Vt.) 349; *Phelps v. Stewart*, 2 Vt. 216; *Allen v. Trisdorfer*, 4 N. Y. Sup. 896; *McCormick v. Brown*, 36 Cal. 180; *Jordan v. Jordan*, 3 S. W. Rep. (Tenn.) 896; *Russ v. Cunningham, supra*. (4)   There are no conditions in respondent's letter.

His language, that he will pay "just as soon as I have that much that I can call my own," is too uncertain and indefinite to be a condition. "A conditional promise is a promise to pay upon the happening of a certain event." *Butterfield v. Jacobs*, 15 N. H. 140; *Society v. Miller*, 15 N. H. 520; *Norton v. Shepard*, 48 Conn. 143. (5) Acknowledgment or promise need not be made to the creditor himself. It is good if made to his agent or some one acting for him. *Cape Girardeau Co. v. Harbison*, 58 Mo. 97; Wood on Limitations (1883) ch. 7, sec. 79, p. 192, and cases cited in note; 2 Story on Equity Jurisprudence [13 Ed.] ch. 43, sec. 1521a; *Trousdale v. Anderson*, 9 Bush. (Ky.) 276; *Kirby v. Mills*, 78 N. C. 124; *Bloodgood v. Bruen*, 8 N. Y. 362; *Sibert v. Wilder*, 16 Kan. 176; *Farrell v. Palmer*, 36 Cal. 187; *Taylor v. Hendrie*, 8 Nev. 243; *Spangler v. Spangler*, 122 Pa. St. 358. (6) New promise may be made to the creditor, to his agent, "or to a third party, provided that the party making the promise intended that such promise should reach the ears and influence the course of the person to whom the note was payable." *Roller v. Bachman*, 5 Lea (Tenn.) 157; *Marshall v. Reilley*, 11 Lea (Tenn.) 307; *Bachman v. Roller*, 9 Baxter (Tenn.) 414; *Crinkle v. Herald*, 6 Mackey (D. C.) 496; *Parker v. Remington*, 15 R. I. 300, and cases cited. Or where the circumstances are such as to show that the debtor intended that it should be communicated to the creditor, or that it should renew the debt. *Jordan v. Hubbard*, 26 Ala. (N. S.) 433; *Collett v. Frazier*, 3 Jones Eq. (N. C.) 80; *Dinguid v. Schoolfield*, 32 Gratt. (Va.) 803; Angell on Limitations [6 Ed.] sec. 269; *Utz v. Utz*, 34 La. Ann. 752; *Hunter v. Kittridge*, 41 Vt. 368; *Stewart v. Garrett*, 65 Md. 392; *Oliver v. Gray*, 1 Har. & Gill. (Md.) 218; *Whiting v. Bigelow*, 4 Pick. (Mass.) 106; *Titus v. Ash*, 24 N. H. 329.

*Van Dorston & Green,* for respondent.

The acknowledgment relied upon by plaintiff, as contained in defendant's letter to his sister, is not such an acknowledgment as to take plaintiff's alleged claim out of the statute of limitations. *Kirkbride v. Gash,* 34 Mo. App. 256; *Miller v. Baschire,* 83 Pa. St. 356; *Love v. Hough,* 2 Phil. (Pa.) 350; 13 American & English Encyclopedia of Law, pp. 753, 754; *Bethell v. Bethell,* 34 Ch. Div. 561; *Tanner v. Smith,* 6 B. & C. 603; *Hanson v. Towle,* 19 Kan. 273; *Mattocks v. Chadwick,* 71 Me. 313; *Bidwell v. Rogers,* 10 Allen (Mass.) 438; *Tompkins v. Brown,* 1 Denio (N. Y.) 247; *Lafarge v. Jayne,* 9 Pa. St. 410; Wood on Statute of Limitations, sec. 77. (2) The acknowledgment of the debt, to remove the bar of the statute of limitations, must be made to the creditor himself, or to his agent, known to be such by the debtor, at the time of the acknowledgment of the debt. If made to a stranger, it must appear that it was the debtor's intention that the acknowledgment should be communicated to and influence the creditor. 2 Story on Equity Jurisprudence [12 Ed.] par. 1521*b; Cape Girardeau Co. v. Harbison,* 58 Mo. 90; *Fort Scott v. Hickman,* 112 U. S. 150, 161; *Ringo v. Brooks,* 26 Ark. 540; *Pearson v. Darrington,* 32 Ala. 227; *Comer v. Allen,* 80 Ill. 47; *Keener v. Crull,* 19 Ill. 89; *Niblach v. Goodman,* 67 Ind. 174; *Kyle v. Wells,* 5 Harris, 290; *Sibert v. Wilder,* 16 Kan. 176; *Clawson v. McCune's Adm'r,* 20 Kan. 337; *Truesdale v. Anderson,* 9 Bush. (Ky.) 276; *Hargis v. Sewell,* 87 Ky. 63; *Libby v. Robinson,* 79 Me. 168; *Taylor v. Hendrie,* 8 Nev. 243; *In re Kendrick,* 107 N. Y. 104; *Hussey v. Kirkman,* 95 N. C. 63; *Kirby v. Mills,* 78 N. C. 124; *Spangler v. Spangler,* 122 Pa. St. 358; *Hostetter v. Hollinger,* 117 Pa. St. 606; *McKinney v. Snyder,* 78 Pa. St. 497. So, therefore, any acknowl-

edgment made by defendant to his sister is of no avail, unless defendant knew, at the time, she was acting as agent for her brother, the plaintiff. *Lumber Co. v. Warner*, 93 Mo. 374; *Clark v. Hammerle*, 27 Mo. 55; *Mead v. Brotherton*, 30 Mo. 201.

ELLISON, J.—Defendant owed plaintiff $500 which was barred by the statute of limitations, unless it was taken out of the statute by a written acknowledgment or new promise evidenced by the following letter written by defendant to his sister:

"* * * There is no use in repeating what it was, but nevertheless Frank will get the little money I owe him just as soon as I have that much that I can call my own. But right here again you say that he has hired a lawyer to collect the money. What has he got to show that he ever let me have one dollar? He might as well try to collect that much from any other man. In that case I would only have to defend myself and throw the cost on him which I do not want to do. There was one time that I might of paid him and have been sorry ever since that I did not. But now everything is tied up so that I cannot pay anything. Mrs. Williamson is lying down resting; she has no girl now. Theodore is still in the bank yet. All. and John goes to school; they all join in sending love to all and hope to hear that you are all well again.

"From your brother

"JOHN."

From the view which we take of the case it will not be necessary to decide whether such letter contains a sufficient unconditional acknowledgment or promise to revive the obligation within the purview of the law as announced in *Chidsey v. Powell*, 91 Mo. 622, and *Kirkbride v. Gash*, 34 Mo. App. 256.

There is a lack of uniformity in the authorities as to whom the promise should be made. It is held in many jurisdictions that the acknowledgment may be made to a stranger, while much authority is to the effect that such acknowledgment must be made either to the creditor or his agent. There is yet another class of authorities which hold that the acknowledgment will be sufficient, though made to a stranger, provided it was the *intention* of the debtor that such acknowledgment should be communicated to the creditor. *Parker v. Remington*, 15 R. I. 300; *Roller v. Bachman*, 5 Lea, 157; *Marshall v. Reilley*, 11 Lea, 307, *Bachman v. Roller*, 9 Baxter 414; *Crinckle v. Herald*, 6 Mackey. 496.

In this case, the sister to whom the letter was addressed was the agent of plaintiff, but there is no evidence tending to show that defendant intended that his acknowledgment should be communicated to plaintiff; nor is there any evidence tending to show that defendant knew the sister was plaintiff's agent. That an acknowledgment made to an agent is sufficient we believe is not now disputed anywhere. But the question remains: must the agency be known to the debtor? We answer that it must. There is not much authority on the proposition but it was so directly decided by the supreme court of Pennsylvania in *McKinney v. Snyder*, 78 Pa. St. 497; and the opinion in that case is adopted and approved in Wood on Limitations, section 79. This view includes the further holding that an acknowledgment to a stranger is of no effective force against the statute unless indeed it be made with the intention that it be communicated to the creditor. And we think such is undoubtedly the true rule. Wood on Limitations, sec. 79; *Ft. Scott v. Hickman*, 112 U. S. 150; *Spangler v. Spangler*, 122 Pa. St. 358; *Hostetter v. Hollinger*, 117 Pa. St. 606.

The entire basis of the rule is that there has been a *promise* to pay the debt within the period of limitation. A mere acknowledgment of the debt, *per se*, would have no effective force, but for the *implication of a promise* which the law builds on such acknowledgment. It is, therefore, the promise we should look to in undertaking to reason the question. To make an efficient promise there is as much necessity for a promisee as there is for a promisor. Now a stranger cannot be a promisee in relation to a matter in which he has no interest and to which he sustains no relation by agency for either party, or otherwise; it ought, therefore, logically to follow that an acknowledgment to a stranger is without operative effect on the statute. In *Allen v. Collier*, 70 Mo. 138, a written acknowledgment of a debt was found among the papers of a deceased debtor, and the court held that it must have been made to some one to be of any force. There was no practical difference between making a written acknowledgment to a stranger, and making the acknowledgment, but to no particular person.

Recurring to the question whether the agency should be known to the debtor, it will readily occur to anyone that a promise implies an intention to do the thing promised, and that it likewise creates an obligation, legal or moral so to do. But an acknowledgment of a debt to one *thought* to be a stranger can have no effect in showing an intention to discharge the debt, nor could such acknowledgment form the basis of an implied promise in favor of a person not thought to be connected with the party to whom the ackowledgment was made.

Holding, therefore, that a written acknowledgment made to a stranger will not affect the statute of

limitations, and that if such acknowledgment be made to an agent such agency must be known to the debtor, we must sustain the trial court and affirm the judgment. All concur.