Townsdin v. Nutt.

5.Administrator no power to revive debt once barred.

The judgment will be affirmed.

All the Justices concurring.

---

## WILLIAM S. TOWNSDIN v. NANCY O. NUTT.

1. MARRIED WOMAN; *Action in Her Own Name to Recover for Personal Injuries; Pleading.* In an action to recover damages for an assault and battery brought by a married woman in her own name, where the petition does not disclose the fact that she is married, but states among other things that she was hindered and prevented from performing her necessary work from the result of the injuries, that she was compelled to pay for medical treatment to cure the hurts and bruises, and the defendant files an answer to the petition, that at and before the filing of the peti-

tion the plaintiff was a married woman and is still a married woman, *held,* that it was not error for the district court on the motion of the plaintiff to strike out the said defense as irrelevant and immaterial.

2. PERSONAL INJURIES; *Injured Party a Competent Witness.* In an action to recover damages resulting from an assault and battery, the plaintiff although not an expert, is permitted to testify concerning her bodily health before and after the assault.

3. EVIDENCE, INCOMPETENT—*Once Admitted, then Struck Out.* Where evidence is erroneously received, and the court thereafter charges the jury to disregard such objectionable testimony, the admission of the testimony in the first instance is not necessarily a sufficient cause for the reversal of the judgment.

4. ASSAULT AND BATTERY; *Riding Horse Against a Person; Instructions.* In an action to recover damages for an assault and battery, where the evidence tended to prove that the defendant while on horse-back attempted to ride down a woman standing in a field, and was only prevented from so doing by the woman catching the bridle of the horse as the animal was coming against her, *held,* not error to instruct the jury that if the defendant rode or drove a horse toward the plaintiff in a threatening manner with the intent to injure the plaintiff, and within such a distance as that harm might have ensued to the plaintiff if the defendant had not been stopped, they must find a verdict in her favor.

*Error from Cloud District Court.*

ACTION by Mrs. *Nutt* to recover damages for an assault and battery alleged to have been committed on her by *Townsdin.* Trial at April Term 1876 of the district court. Verdict and judgment in favor of plaintiff for $500, and defendant *Townsdin* brings the case here.

*L. J. Crans,* for plaintiff in error.

*Strain & Sturges,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action to recover damages for an assault and battery. The cause was tried by a jury, who found in favor of the plaintiff. The defendant in the court below complains of the action of the district court, and seeks to reverse the judgment. The petition filed in the case was in the usual form, and did not disclose the fact

Townsdin v. Nutt.

that the plaintiff was a married woman. Among other things it stated that she was hindered and prevented from performing her necessary work from the injuries which she received, and that she was compelled to pay and did pay $25 to be cured of the hurts and bruises which she received. Defendant Townsdin, in answer to the petition, stated and set forth as a separate defense, that at and before the filing of the plaintiff's petition the said plaintiff was a married woman, intermarried with William Nutt, and that she is still a married woman. Upon the motion of the plaintiff in the court below, the court struck out this defense as irrelevant and immaterial matter. No error was committed thereby. Even if the husband be liable in some cases for medical aid furnished the wife, and under some conditions is the party to recover for the loss of the services of the wife, in this case the pleading struck out was not sufficiently specific and full to tender a defense. The injuries were alleged to have occurred about the 1st of February 1876. The petition was not filed till March afterward; and as to the coverture of the plaintiff at the time of the assault and battery, nothing is asserted. Neither does the attempted answer set forth any circumstances showing that within the decisions of this court the husband was responsible for the medical treatment of the wife, or entitled to her earnings. Not only should the marriage have been stated as of a time prior to the payment of the money for medical treatment and loss of service, but the pleadings should at least have shown that the plaintiff and her husband lived and cohabited together, and possibly it should have also appeared that the wife was not engaged in performing labor and services on her separate account. Exactly how much should have been contained in the answer to make it a sufficient plea, if such a defense could be made, it is not necessary for us to decide. It is certainly true, that under our statutes which confer so many rights upon married women unknown to their condition under the common law, the defense was not sufficient. The plaintiff in error

*1. Married woman may maintain action in her own name for personal injuries.*

seems to have contented himself with the old plea of *feme covert*, and to have disregarded the provisions of the laws which authorize a married woman to sue and be sued in the same manner as if she was unmarried, and to perform labor and services on her sole and separate account, and, make the earnings therefrom her sole and separate property.

On the trial the court permitted the said Nancy O. Nutt to be interrogated as follows: "What was the difference in your health before, and after, the assault?" "Was the as-

2. Personal injuries; injured party competent witness.

sault an injury to you?" and allowed her to answer, over the objections of the plaintiff in error, who claimed the questions incompetent as involving answers which could only be given by an expert. In reply to the first interrogatory the witness stated, "I was in middling good health before, and have not been so well since. I have suffered with my back, and have not been able to do all my work, or my own washing. I have since been in delicate health; have had symptoms of miscarriage. I was with child. Had misery and distress and pains in my back, and doctored for it, and had bearing-down pains, and pain in the back." To the last interrogatory, she answered, "It was." The questions were not ones of science, and did not require the knowledge of an expert to answer. After giving the facts as to her condition, in her first reply, it is true she answered rather to a conclusion than to a statement that the assault injured her; but her inference being founded upon facts previously stated could not have prejudiced the rights of the plaintiff in error. *The State v. Folwell*, 14 Kas. 110; 1 Whart. on Ev. 512.

It is urged that the court erred in permitting the plaintiff to prove the pecuniary condition and financial ability of defendant Townsdin, against his objection. Some controversy exists in reference to the right to show the pecu-

3. Withdrawing evidence from jury.

niary condition of the parties in mitigation or aggravation of damages. On the one side, it is held that if the defendant cannot show his poverty in mitigation of damages, there is no reason why

the plaintiff should aggravate them by proof of his wealth; and on the other, that where the law permits exemplary or punitive damages, verdicts ought to be graduated according to the ability of the defendant to pay, on the theory that a judgment of a few dollars, which would operate as a punishment if assessed against a poor man, would utterly fail to have that effect upon a man of wealth. In Iowa, it is held that the weight of authority is against the reception of such evidence; and in Illinois and some other states the opposite doctrine is believed to be sustained by authority. In this case, however, it is not necessary for us to investigate the cases to an extent sufficient to enable us to express an opinion as to the preponderance of the decisions, as the court in its charge to the jury expressly withdrew all this testimony from the jury by instructing them that the pecuniary ability of the defendant and the plaintiff had nothing to do with the case. In some cases the admission of improper testimony, although subsequently withdrawn in the charge, might be cause for reversal of a judgment, if it appeared that the rights of the objecting parties were in any way prejudiced; but in this action, we see no ground for reversal for this reason.

It is contended that the district court erred in instructing the jury, that if they found from the evidence that the defendant Townsdin rode or drove a horse toward the plaintiff in a threatening manner *with the intent* to injure the plaintiff, within such a distance as that harm might have ensued to the plaintiff if the defendant had not been stopped, they must find a verdict in her

4. Assault and battery; instructions.

favor. This instruction was given on the testimony that the plaintiff in error while on his horse attempted to ride over and ride down the defendant in error, and that he was only prevented from succeeding in his object by the act of the defendant in error in catching the bridle of the horse. The point is made, that the instruction should have gone further, and stated that harm ensued to the defendant in error — or in other words, that an action could not be maintained for an

assault. We think otherwise. Where one person is guilty of an act of inchoate violence to the person of another, having the intention to do harm, and with the present means of carrying his intent into effect, and is only defeated in his purpose by the conduct of the other party acting solely in his own defense and exclusively for his own protection, the party offending is not relieved of all liability; and in such a case, at least nominal damages would be reasonable from the person making the assault. In this case, injuries are testified to as resulting from the assault. Under such circumstances, an actual wrong is committed, and the party is not only liable criminally, but may be compelled to answer in a civil proceeding for all injuries directly resulting from the wrongful action.

Upon an examination of the record and briefs we find that the above alleged errors are the only ones which it is necessary to pass upon, and that the other matters submitted for our review are either unimportant and immaterial, or have not been sufficiently excepted to for examination here.

The judgment will be affirmed.

All the Justices concurring.