## JAMES R. WESTON vs. J. H. HODGKINS.

Suffolk.   Nov. 22, 1883. — Jan. 5, 1884.   C. ALLEN & HOLMES, JJ., absent.

The maker of three promissory notes wrote a letter to the agent of the payee, W., containing the following: " What is W. willing to take for the notes ?   I cannot pay the face of them and interest, as he looks at it; he must not expect it. I will tell him how much I will pay him per month ; but I want him to set the amount which he thinks he ought to have."   A second letter written by the maker of the notes to the same person, after referring to another letter written by the latter to third persons, contained the following : " According to the letter, you gave them to understand that W. had not had but $37; and what you paid him, and what was paid M. for him, makes $80.   You wrote also that he would make a discount.   Now write what he will do, and I will tell you on what terms I will make payments."   ·Held, in an action by W. on the notes, that the letters did not take the notes out of the operation of the statute of limitations.

CONTRACT, upon three promissory notes made by the defendant, payable to the plaintiff or order, dated March 13, 1871, one for $100, payable in one year, one for $150, payable in two years, and one for $150, payable in three years from date, with interest at ten per cent per annum.   Writ dated June 13, 1881.   Answer : 1. A general denial.   2. The statute of limitations.

At the trial in the Superior Court, before *Barker*, J., the plaintiff put in evidence the notes declared on, the signature thereto not being specially denied ; and, for the purpose of taking the case out of the statute of limitations, offered two letters, written by the defendant to S. N. Maxcey, a person employed by the plaintiff to collect said notes, which letters contained the following :

" April 18, 1881.   Sir, — Your letter came to hand., I see by those papers you send to Mason and Hamlin the order for the bill against the church.   Why did Weston send that to them ?   What I want to know is, What is Weston willing to take for the notes ? I cannot pay the face of them and interest, as he looks at it ; he. must not expect it.   I will get him an organ of the firm, and he shall have it as cheap as I can get it, and will tell him how much I will pay him per month ; but I want him to set the amount which he thinks he ought to have."

" Feb. 7, 1876.   Sir, — My attention has been called to a letter from you to Mason and Hamlin Organ Co.   I think it would have been as well to have sent to me.   According to the

letter, you gave them to understand that Weston has not had but $37, the order on the church; and what you paid him, and what was paid Morrison for him, makes $80. You wrote also that he would make a discount. Now write what he will do, and I will tell you on what terms I will make payments."

The defendant testified, upon cross-examination, that both of these letters were written and sent by him, and referred to the notes in suit.

The defendant asked the judge, among other things, to instruct the jury that said letters were not sufficient to take the case out of the statute of limitations. But the judge refused so to do, and instructed the jury, that, if they found that these letters were written within six years next before June 13, 1881, and that they referred to the notes in suit, they were of themselves sufficient to take the case out of the statute.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. W. Clark,* for the defendant.

*W. C. Greene,* for the plaintiff.

COLBURN, J. It was decided in *Bangs* v. *Hall,* 2 Pick. 368, upon an elaborate review of all the authorities, that, to take a debt out of the statute of limitations by reason of an acknowledgment or new promise, it is necessary that there should be an unqualified acknowledgment, not only that the debt was just originally, but that it continues due at the time of the acknowledgment, so that a promise to pay can fairly be implied; either an express promise to pay the debt, or a conditional promise, the condition of which has been performed. This decision has been repeatedly approved and affirmed in subsequent cases. *Gardner* v. *Tudor,* 8 Pick. 206. *Sigourney* v. *Drury,* 14 Pick. 387. *Bailey* v. *Crane,* 21 Pick. 323. *Roscoe* v. *Hale,* 7 Gray, 274. A promise to renew notes on certain terms, which are not acceded to, does not take the notes out of the statute. *Mumford* v. *Freeman,* 8 Met. 432. An offer of compromise, and to pay part for the whole, is not an admission of the debt, so as to take it out of the statute. *Smith* v. *Eastman,* 3 Cush. 355.

Applying these principles to the case at bar, we are of opinion that neither of the letters relied upon is sufficient to take the notes out of the statute of limitations. They contain no

unqualified acknowledgment that the debts continued due, or an express promise to pay the debts. At most, they only contain offers to compromise, if satisfactory terms can be agreed upon. The letter in *Mumford* v. *Freeman, ubi supra,* which was held not to be sufficient, makes a stronger case for taking the debt out of the statute than do the letters in the present suit.

The suggestion of the plaintiff, at the argument, that the letter of February 7, 1876, contains an acknowledgment of a payment on the notes, cannot avail him. If the language used is regarded as an acknowledgment of a payment or payments on the notes, it does not appear whether upon one or the whole ; and there is nothing from which it can be inferred that any payment was made within six years of the date of the writ. At the date of that letter, the first note had been overdue nearly five years, and the last one nearly two years, and the letter was written over five years before the date of the writ, and only refers to payments at some indefinite past time. *Exceptions sustained.*