JOHN J. PERRY *vs.* MOSES CHESLEY.

Cumberland. Opinion June 15, 1885.

*Mutual accounts. R. S., c. 81, § § 87, 97. Statute of limitations. Auditor.*

An item in an account annexed which has been paid and receipt given and accepted therefor cannot be considered an "unsettled item" within R. S., c. 81, § 87.

An item in a mutual account which accrued within six years of the date of the writ cannot save from the operation of the statute of limitations any other

items in the account if there be none within six years of the date of the former.

An auditor has no authority to pass upon the account laid before him by the defendant, unless it was filed in set-off in the court.

A promise in a letter, in reference to the state of the accounts between the parties, to "talk it over when we meet," and expressing the belief that the other party is indebted to the writer, is no such promise or acknowledgment as to bring the case within the provisions of R. S., c. 81, § 97.

ON REPORT.

Assumpsit on the account annexed.

The following is a copy of the letter of the defendant referred to in the opinion.

"Oxford, March 2, 1876.

"Mr. Perry, Dear Sir:—I have neglected to write you before, as I have been looking over your account, that I might know about our affairs. I find that you have charged in your account a number of bills of costs, where we recovered damages and some of them of considerable amount, that you have received. After making some deductions for irregularity, I find my account more than yours. I have other accounts that I ought to have allowed, besides my sheriff bill. I think on a fair settlement you would be owing me more than one hundred dollars. When we meet we will talk it over.

Yours truly, Moses Chesley."

*John J. Perry,* for the plaintiff.

*S. C. Strout, H. W. Gage and F. S. Strout* and *David Dunn,* for the defendant.

VIRGIN, J. By his writ dated in November, 1881, the plaintiff sued the defendant on an account annexed, the debit side of which comprised two hundred and thirty-one items commencing in March, 1848, and ending in March, 1878. From the first item of March, 1848, the account ran on from year to year to the item of March, 1865, when there was an interval of more than twelve years in the account, the next succeeding item being dated, September, 1877.

All of the items on the credit side of the account annexed were dated in 1862 and prior thereto, with the exception of one dated September, 1877.

The case went to an auditor who disallowed all of the debit items of the plaintiff's account which were dated after March, 1862, except that of "Sept. term, 1877, to services in trying Yeaton's case, $25," which he allowed. But it is admitted in the agreed statement that this last mentioned item was paid at the time in cash by the defendant and a receipt given therefor. This payment of cash is the same as the one mentioned on the credit side of the account, and therefore neither the charge nor the credit should appear in the account; the item having been settled by the parties it was no longer an "unsettled item." R. S., 1871, c. 81, § 87; *Lancey* v. *M. C. R. R.* 72 Maine, 38; *Penniman* v. *Rotch*, 3 Met. 216, 223.

Under this state of facts the action is barred by R. S., 1871, c. 81, § 84.

The plaintiff strenuously contends, however, that the item of twenty-five dollars cash was in the defendant's account together with another cash payment of five dollars, and both being dated in September, 1877, and both allowed by the auditor, they or either of them take the whole account, including those items which ante-date the twelve years of non-dealing between the parties. But assuming these two items of credit to be properly allowed and that, in the language of the statute, "the cause of action shall be deemed to have accrued at the time of the last item proved," we do not understand that those items within six years next before the date of the writ can save from the operation of the statute any other items in the account if there be none within six years of their own date. This precise question was settled in *Lancey* v. *Me. C. R. R. sup.* and we see no occasion for disturbing that decision.

We are aware that statements may be found in the opinions of courts, several of which are quoted in the plaintiff's brief, which, if considered as abstract propositions, might seem to aid the plaintiff; but when they are applied to the facts then under consideration, they sustain no such view.

There is another answer to the five dollars cash item taken from the defendant's account. The defendant's account was never filed in set-off. It was only conditionally considered by the auditor. It is no part of the case, it never having "been ordered by the court" or "expressly embraced in the order," R. S., c. 82, § 69.

The auditor does not find that the parties agreed that the defendant's account should be allowed in payment of the plaintiff's; but he makes an alternative report based upon the court's finding as to that fact; and no evidence is found in the case bearing upon that point.

It is urged that the defendant's letter of March 2, 1876, brings the case within the provisions of R. S, c. 81, § 97. But we find no "promise" therein save to "talk it over when the parties meet;" and no acknowledgment except that the plaintiff owes the defendant "more than $100." *Lunt* v. *Stevens*, 24 Maine, 538; *Weston* v. *Hodgkins*, 136 Mass. 326.

*Judgment for the defendant.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.