[No. 5324.]
[No. 2964 C. A.]

REED v. THE INTERSTATE OIL COMPANY.

1. **Limitation of Actions—New Promise—Sufficiency.**

In order for a new promise to remove the bar of the statute, it should be unequivocal and determinate in its terms, and, if any conditions are annexed, they ought to be shown to be performed; and, when a promise is to be implied from an acknowledgment, such acknowledgment ought to contain an unqualified admission of a previous subsisting debt, which the party is liable and willing to pay.—P. 465.

2. **Appellate Practice—Findings Based on Conflicting Evidence —Not Disturbed on Appeal.**

Where the evidence is conflicting and legally sufficient to sustain the finding of the court, it will not be disturbed on appeal.—P. 466.

3. **Same—Appellate Practice—Bills and Notes—Harmless Error —Evidence.**

Where, in an action on a note, it is established that defendant acknowledged the debt, so as to remove the bar of the statute of limitations, evidence that defendant made an agreement not to set up such statute would, as to the defendant, be harmless error.—P. 466.

*Appeal from the County Court of the City and County of Denver.*

*Hon. Ben B. Lindsey, Judge.*

Action on a note by The Interstate Oil Company against Clinton Reed. From a judgment for plaintiff, defendant appeals.                *Affirmed.*

Mr. Clinton Reed, Mr. W. L. Thurman, and Mr. Wendell Stevens, for appellant.

Mr. W. E. Clark, for appellee.

Mr. Justice Campbell delivered the opinion of the court:

There have been two trials of this action, one before a justice of the peace, the other in the county court, each resulting unfavorably to defendant, who is here with his appeal from the last judgment.

The abstract is indefinite and unsatisfactory, perhaps, in a measure, due to like conditions of the transcript. Although the evidence, as abstracted, does not clearly or definitely show the nature of the demand on which the action is based, or the issues involved, opposing counsel apparently are in accord that the action is one by the payee of an overdue promissory note against the maker, in which, as one defense, defendant maker pleads the six years statute of limitation, which plaintiff seeks to avoid by defendant's recognition of the debt and promise to pay it within the prescribed period of six years before the suit was begun. Inferentially, from references by counsel during the progress of the trial, it would seem that the note was introduced in evidence, and it is spoken of as an exhibit in the case, but we find no exhibit either in the abstract or transcript. The date of its execution and delivery nowhere appears in the record. It seems to be assumed by both parties that the statute would have run against the note upon the 11th day of February, 1903, unless, within six years before beginning suit, there was by defendant an express promise of payment or an unqualified recognition of the continued existence of the debt. There is, possibly, some dispute as to

whether defendant made a payment on the note on the 11th day of February, 1897, but we think it beyond question that such payment was made. The real controversy is, whether, within a period of six years before the action was begun, February 18, 1903, defendant promised to pay the note. Defendant admits that the evidence is directly conflicting upon this issue. He testifies that within the period of six years he did not promise to pay; plaintiff's witnesses, on the contrary, in effect say that within that period defendant did promise to pay it, and recognized the continued existence of the previous debt, that it remained unpaid, and expressed a willingness and intention to pay it.

The law applicable to this case is well settled in this jurisdiction and generally in this country. The leading case is *Bell v. Morrison,* 1 Pet. 351, and the opinion by Story, J., is an exhaustive exposition of the law. The learned judge says:

"If the bar is sought to be removed by the proof of a new promise, that promise, as a new cause of action, ought to be proved in a clear and explicit manner, and be in its terms unequivocal and determinate; and, if any conditions are annexed, they ought to be shown to be performed. If there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay."

This court, and the court of appeals, in the following, among other, cases, have followed the leading case.—*Thomas v. Carey,* 26 Colo. 485; *Sears v. Hicklin,* 3 Colo. App. 331; *Adams v. Tucker,* 6 Colo. App. 393; *Blackmore v. Neale,* 15 Colo. App. 49.

In *Thomas v. Carey,* the court, speaking by Gabbert, J., said that in order to constitute a promise to pay a debt barred by the statute which it is sought to remove on the strength of such promise, there must be an unqualified acknowledgment of indebtedness due upon such debt, or an express promise to pay the same. Applying the doctrine to the facts of this case, the evidence in behalf of plaintiff was legally sufficient, if believed by the trial court, to show that within the prescribed period there was, in conversations between defendant and representatives of plaintiff, an unqualified and unequivocal acknowledgment by defendant of the existence of the debt evidenced by the note sued on, and that it remained unpaid, from which is fairly deducible an implied promise to pay it, and, at a conversation at another time, an express promise to pay it.

In affirming the judgment, we are not required to pass upon the credibility of the respective witnesses, but are observing the established rule in this jurisdiction which requires an affirmance of a judgment, if the evidence, though directly conflicting, is legally sufficient to sustain the finding of fact on which it rests.

If the trial court made any mistake in admitting evidence responsive to some other issues, we are satisfied that it was not prejudicial to defendant. Some evidence bore upon an alleged promise of defendant not to plead the statute of limitations if plaintiff forebore suit upon the note until after the statute had run, and some indicated defendant's desire to compromise. It seems that such issues were raised, to which relevant evidence of both parties was adduced. Without expressing an opinion whether such promise to waive the plea, or offer of compromise, was established, we say that defendant could not have been prejudiced by the admission of this kind

of evidence, since the legitimate and relevant evidence upon the issue of a recognition of the debt and a promise to pay it is legally sufficient to sustain the judgment.

The judgment is affirmed.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.