(June 25, 1910.)

JOHN DERN, Appellant, v. NAT OLSEN and ROBERT B. BROWNE, Administrator of the Estate of JOHN LYNCH, Deceased, Respondents; MARY LYNCH, JACOB LYNCH, CY. V. SMITH, NAT OLSEN, ROBERT B. BROWNE, C. K. AH FONG, and MARY E. AULTMAN, Intervenors and Respondents.

[110 Pac. 164.]

STATUTE OF LIMITATIONS—WAIVER OF THE STATUTE OF LIMITATIONS—
ACKNOWLEDGMENT OF DEBT—ADMINISTRATOR—WAIVER OF STATUTE
OF LIMITATIONS BY ADMINISTRATOR.

(Syllabus by the court.)

1. Under the provisions of sec. 4078 of the Rev. Codes, no *acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take a case out of the operation of the statute of limitations, unless the same is contained in some writing signed by the party to be charged thereby.*

2. Under the provisions of sec. 4078 of the Rev. Codes, a *clear and definite acknowledgment of the existence of a contract and liability which has not at the time been barred by the statute of limitations, whether coupled with a direct promise to pay or not, carries with it an implied promise to pay the debt and fixes a new date from which the statute begins to run.*

3. . Where O. was owing D. a note and mortgage which was *overdue but not yet barred by the statute of limitations, and O. wrote D. telling him of a prospective sale of mining property he had in view, and saying, "Now, if I can make this deal will try and get enough money down to liquidate the mortgage you hold against the property," such letter constitutes an "acknowledgment" of a "continuing contract" within the meaning of sec. 4078, Rev.*

Codes, and sets a new date from which the statute of limitations begins to run.

4. *Held,* further, that the words, "If I can make this deal will try and get enough money down to liquidate the mortgage," constitute a condition that the debtor proposed to place upon the sale of the property and demand from the purchaser, rather than a condition as to the payment of the debt to his creditor, and did not negative an implied promise to pay at some time even if the sale should not be made.

5. Under the provisions of secs. 5469, 5471, 5461, and 5463 of the Rev. Codes, an administrator of the estate of a deceased person has no power or authority to waive the bar of the statute of limitations so as to set a new date for the statute to begin to run.

6. Under the provisions of sec. 4078, Rev. Codes, an administrator cannot "acknowledge or promise" to pay "a new or continuing contract" so as to remove the same from the operation of the statute of limitations and bind the estate, for the reason that the debt is the obligation of the estate represented by the administrator, and would not be the debt of the party making the acknowledgment or promise and "to be charged thereby."

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Fremont Wood, Judge.

Action by the plaintiff for the foreclosure of a mortgage. Judgment for defendants and plaintiff appealed. *Reversed.*

Richards & Haga, for Appellant.

It was not necessary that respondents should promise to pay the indebtedness to extend a new date for the statute to commence running as to the mortgage. All that was required was a plain and distinct acknowledgment in writing of the existence of the mortgage. (*Foster v. Bowles,* 138 Cal. 449, 71 Pac. 495; *Concannon v. Smith,* 134 Cal. 14, 66 Pac. 40; *Kelly v. Leachman,* 3 Ida. 629–639, 33 Pac. 44; *Tuggle v. Minor,* 76 Cal. 101, 18 Pac. 131; *Cowan v. Magauran,* Fed. Cas. No. 3292; *Kirk v. Williams,* 24 Fed. 448; *Green v. Wagon Road Co.,* 23 Fed. 71, 10 Saw. 625; *Clark v. King,* 54 Kan. 222, 38 Pac. 282; 19 Am. & Eng. Ency. of Law, 295; 25 Cyc. 1335–1337.)

Several letters of a series can be construed together to determine whether there was an acknowledgment. (*Morris v.*

*Carr,* 77 Ark. 228, 91 S. W. 187; *Sears v. Howe,* 80 Conn. 418, 68 Atl. 983, 12 Ann. Cas. 809; *Cleland v. Hostetter,* 13 N. M. 43, 79 Pac. 801; *Willis v. Wileman,* 53 Misc. Rep. 462, 102 N. Y. Supp. 1004; *Rumsey v. Settle's Estate,* 120 Mich. 372, 79 N. W. 579; *Walker v. Freeman,* 209 Ill. 17, 70 N. E. 595; *Hill v. Hill,* 51 S. C. 134, 28 S. E. 309; 3 Wigm. Ev., sec. 2120.)

These letters are a sufficient acknowledgment to fully meet the requirements of the statute. (*Miller v. Kinsel,* 20 Colo. App. 346, 78 Pac. 1075; *Raymond v. Newcomb,* 10 N. M. 151, 61 Pac. 205; *Wise v. Adair,* 50 Iowa, 104; *Bayliss v. Street,* 51 Iowa, 627, 2 N. W. 437; *Jenckes v. Rice,* 119 Iowa, 451, 93 N. W. 384; *Senninger v. Rowley,* 138 Iowa, 617, 116 N. W. 695, 18 L. R. A., N. S., 223; *Elder v. Dyer,* 26 Kan. 609, 40 Am. Rep. 320; *Walsh v. Mayer,* 111 U. S. 31, 4 Sup. Ct. 260, 28 L. ed. 338; *Barnard v. Bartholemew,* 22 Pick. 291; *King v. Davis,* 168 Mass. 133, 46 N. E. 418; *Chidsey v. Powell,* 91 Mo. 625, 60 Am. Rep. 267, 4 S. W. 446; *Devereaux v. Henry,* 16 Neb. 65, 19 N. W. 697; *Rumsey v. Settle's Estate,* 120 Mich. 372, 79 N. W. 579; *Norton v. Shepard,* 48 Conn. 143, 40 Am. Rep. 157.)

The spirit and intent of the Idaho statutes empower the administrator to acknowledge debts of the decedent, not barred at his death. (Woerner's Amer. Law of Administration, sec. 401.)

It is within the discretion of the personal representative to plead the statute. (*In re Huger,* 100 Fed. 805; *Trimble v. Marshall,* 66 Iowa, 233, 23 N. W. 645; *West v. Smith,* 8 How. 412, 12 L. ed. 1135; *Fairfax v. Fairfax,* 5 Cranch, 19, 3 L. ed. 24; Wood's Lim., secs. 188, 190; Woerner's American Law of Adm., secs. 400–402.)

The administrator can toll the statute by an acknowledgment of the debt, by part payment, or by a promise to pay. (*Suhre v. Benton* (Tex. Civ. App.), 25 S. W. 822; *Townes v. Ferguson,* 20 Ala. 147; *Ricketts v. Ricketts,* 72 Tenn. 163; *Jones v. Mitchell's Admr.,* 9 Ky. Law Rep. 858; *Northcutt's Admr. v. Wilkinson,* 51 Ky. 408; *Jordan v. Brown,* 72 Ga.

495; *Foster v. Starkey's Admr.,* 66 Mass. 325; *Pole v. Simmon's Admr.,* 49 Md. 20.)

Wyman & Wyman, for Respondents.

Each acknowledgment must be sufficient in itself unaided by others. (*Simrell v. Miller,* 169 Pa. 326, 32 Atl. 548; *Patterson v. Neuer,* 165 Pa. 66, 30 Atl. 748; 25 Cyc. 1339; sec. 4078, Rev. Codes; *Kelly v. Leachman,* 3 Ida. 629, 636, 33 Pac. 44.)

The new promise or acknowledgment referred to in the statutes of this state must be either (1) an unconditional promise to pay the debt; (2) an acknowledgment of the debt from which a promise to pay is to be implied; or (3) a conditional promise to pay the debt accompanied by a sufficient showing that the condition upon which the promise is made to depend has been performed. (25 Cyc. 1325, 1326.)

While the acknowledgment need not be in any particular form, it "must be a direct, distinct, unqualified and unconditional admission of the debt the party is liable and willing to pay; or, if it is qualified and made conditional, then the qualification and condition must be shown to have been performed." (*Pierce v. Merrill,* 128 Cal. 473 (476), 79 Am. St. 63, 61 Pac. 67; *McCormick v. Brown,* 36 Cal. 180, 95 Am. Dec. 170; *Biddell v. Brizzolara,* 56 Cal. 374; *Finn v. Seegmiller,* 134 Iowa, 15, 111 N. W. 314; *Visher v. Wilbur,* 5 Cal. App. 562, 91 Pac. 412; *Reed v. Interstate Oil Co.,* 41 Colo. 463, 92 Pac. 911; 25 Cyc. 1337–1339; *Hanson v. Towle,* 19 Kan. 273; *Lambert v. Doyle,* 117 Ga. 81, 43 S. E. 416; *Lawson v. McCartney,* 104 Pa. 356; *Helm Co. v. Griffin,* 112 N. C. 356, 16 S. E. 1023; *Chambers v. Rubey,* 47 Mo. 99, 4 Am. Rep. 318; *Wood v. Merrietta,* 66 Kan. 748, 71 Pac. 579; *Warren v. Cleveland,* 111 Tenn. 174, 102 Am. St. 749, 76 S. W. 910; *Rodgers v. Robson,* 147 Mich. 656, 111 N. W. 193; *Kelly v. Strouse & Bros.,* 116 Ga. 872, 43 S. E. 280; *Weston v. Hodgkins,* 136 Mass. 326; *Shepherd v. Thompson,* 122 U. S. 231, 7 Sup. Ct. 1229, 30 L. ed. 1156.)

The rights and duties of administrators are such as are given and enjoined by statute. Their powers are to be found

there alone. To give an administrator power to remove the bar of the statute of limitations would be found to work irreparable injury to estates and bring intolerable scandal upon their administration. Absolutely no warrant for it is to be found in our laws. (*Grotemkemper v. Bryson,* 79 Ky. 353; *Clayton v. Dinwoody,* 33 Utah, 251, 93 Pac. 723, 14 Ann. Cas. 926; *Fullerton v. Bailey,* 17 Utah, 85, 53 Pac. 1020; *Huntington v. Bobbitt,* 46 Miss. 528; *Moore v. Hardison,* 10 Tex. 467; *Peck v. Botsford,* 7 Conn. 172, 18 Am. Dec. 92; *Seig v. Acord,* 21 Gratt. 365, 8 Am. Rep. 605; *Estate of Fitzgerald v. First Nat. Bank,* 64 Neb. 260, 89 N. W. 813; *Milwee v. Jay,* 47 S. C. 430, 25 S. E. 298; *Thompson v. Peter,* 12 Wheat. 565, 6 L. ed. 730; *Steele v. Steele's Admr.,* 64 Ala. 439, 38 Am. Rep. 15; *Oates v. Lilly,* 84 N. C. 643; *Reay v. Heazelton,* 128 Cal. 335, 60 Pac. 977; *Bank of Montreal v. Buchanan,* 32 Wash. 480, 73 Pac. 482; *Cape Girardeau County v. Harbison,* 58 Mo. 90; *Butler v. Johnson,* 111 N. Y. 204, 18 N. E. 643; *Rector v. Conway,* 20 Ark. 79.)

AILSHIE, J.—This action was instituted for the foreclosure of a mortgage. The note and mortgage were dated at Salt Lake City December 18, 1901, and became due and payable July 1, 1902, at McCornick & Company's bank at Salt Lake City. Certain letters from each of the defendants Olsen and Browne were pleaded by the plaintiff for the purpose of showing that each of the defendants had acknowledged the debt so as to relieve the cause of action from the plea of the bar of the statute of limitations. To this complaint the defendants demurred, alleging as ground for the demurrer that the complaint on its face showed that it was barred by the statute of limitations. The court sustained the demurrer and the action was dismissed. This appeal is from the judgment.

The note and mortgage sued upon were signed by Nat Olsen and John Lynch. Lynch subsequently died, and Robert B. Browne, one of the defendants here, was appointed as administrator of his estate. The question to be decided is whether or not the letters pleaded are sufficient to constitute an acknowledgment of the original contract within the purview

and meaning of sec. 4078 of the Rev. Codes to take the case out of the operation of the statute of limitations. The defendants by the demurrer relied on sec. 4052 of the Rev. Codes as constituting a bar to the action. That section provides that, "an action must be commenced within five years upon any contract, obligation or liability founded upon an instrument in writing." This action was instituted on the 22d day of May, 1908, or nearly six years after the maturity of the debt.

The letters written by Olsen and pleaded by plaintiff and on which he relies are as follows: On November 24, 1902, he wrote, among other things, "I was in hopes I would make enough out of this run to pay off the mortgage but am sorry to say I did not. The ore did not mill as much as I expected, besides the cost of handling ore up here is high. . . . . If I should be able to get a party to take hold and buy, and if I did the first money of course would be paid to you. I don't know what to do now when you foreclose mortgage. I won't have the money to pay and won't be able to get another party interested. I was in hopes you would give me time." This letter, it will be observed, was written more than five years prior to the commencement of this action. The plaintiff must, therefore, rely on the other letters. On June 21, 1903, Olsen wrote the plaintiff in which he discussed his mining operations and a prospective sale, and said: "I suppose that if I do not make a deal of the mine will have to go to work and take out ore and pay off mortgage." On October 26, 1903, he again wrote to the plaintiff, speaking of the mines and a sale he had in view, and said: "Now, if I can make this deal will try and get enough money down to liquidate the mortgage you hold against the property." On June 13, 1906, he wrote plaintiff further discussing the property and its probable value and said: "The first payment on Baltimore mine is due about the middle of October when I hope to pay you."

The question now arises as to whether any one of these letters, commencing with the one of date June 21, 1903, is sufficient to waive the bar of the statute of limitations and

set a new date for the statute to begin running. There is a great diversity of opinion among the courts as to the nature of a writing which is sufficient to take a given case out of the operation of the statute. We shall therefore confine our consideration of the matter as closely as possible to the specific terms of our statute.

Sec. 4078 of the Rev. Codes of this state provides as follows: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby."

Some difference of opinion has existed among the courts as to whether a statute like the foregoing requires the acknowledgment of the debt to be coupled with a promise to pay the same. Some courts have held that "the acknowledgment which is requisite as evidence of a new or continuing contract must not only be in writing but it must be an unconditional promise to pay the debt." (*Helm Co. v. Griffin,* 112 N. C. 356, 16 S. E. 1023; *Warren v. Cleveland,* 111 Tenn. 174, 102 Am. St. 749, 76 S. W. 910.) Other courts have taken the position that it is not necessary that the acknowledgment be coupled with a promise to pay, but that it is sufficient if the party to be charged unqualifiedly admits a present and subsisting liability to pay the debt. (*Elder v. Dyer,* 26 Kan. 604, 40 Am. Rep. 320; *Clark v. King,* 54 Kan. 222, 38 Pac. 281; *Cleland v. Hostetter,* 13 N. M. 43, 79 Pac. 801, and cases cited; *Chidsey v. Powell,* 91 Mo. 626, 60 Am. Rep. 267, 4 S. W. 446.) There are still other cases which, while in legal effect they seem to us to be in accord with the line of authorities last cited, yet attempt to hold to a somewhat middle ground between these two extremes. They hold that "to take a debt out of the statute of limitations by reason of an acknowledgment or new promise, it is necessary that it should be an unqualified acknowledgment, not only that the debt was just originally, but that it continues due at the time of the acknowledgment, so a promise to pay can fairly be implied; either an express promise to pay the debt or a conditional promise the condition of which has been performed." (*Weston v. Hodg-*

*kins,* 136 Mass. 326; *Kelly v. Strouse & Bros.,* 116 Ga. 872, 43 S. E. 280; *Reed v. Interstate Oil Co.,* 41 Colo. 463, 92 Pac. 911; *Rumsey v. Settle's Estate,* 120 Mich. 372, 79 N. W. 579; 25 Cyc. 1323.)

Our statute is identical with sec. 360 of the Code of Civil Procedure of California, and the supreme court of that state in *Southern Pacific Co. v. Prosser,* 122 Cal. 413, 55 Pac. 145, has indicated the view that this statute only requires an "acknowledgment," where the acknowledgment was made prior to the running of the statute and while the debt was yet a subsisting "continuing contract." There a distinction was made between the acknowledgment of an indebtedness made before it was barred by the statute and the acknowledgment and promise to pay an indebtedness already barred. The court in that case quotes with approval from *McCormick v. Brown,* 36 Cal. 180, 95 Am. Dec. 170, as follows: "There are two ultimate facts that may be proved in the mode prescribed—a continuing contract and a new contract. The acknowledgment or promise made while the contract is a subsisting liability establishes a continuing contract; and, when made after the bar of the statute, a new contract is created."

Chief Justice Beatty, commenting on the McCormick case, said: "On principle this distinction must exist. When a debtor makes a new promise before an action is barred upon the original contract, he does not make himself liable a second time for the same debt, and the old promise is not merged in the new; he merely continues his original liability for a longer term. In other words, he merely waives so much of the period of limitations as has run in his favor. But when his legal obligation is at an end by reason of the lapse of the full period of limitation or of a discharge in bankruptcy, a new promise creates a new obligation and is itself the basis of the action. A clear recognition of this distinction reconciles all seeming conflict in the decisions of this court, and demonstrates the essential difference between this case and the case of *Wells v. Harter,* 56 Cal. 342, in which it appears that the action on the principal obligation had been barred before the new promise was made."

Now, it seems to us that the authorities may be reconciled on the subject of a promise to pay when it is remembered that the acknowledgment of an existing indebtedness, in the absence of a specific refusal to ever pay the debt, necessarily carries with it the implied promise to pay it at some time in the future. This, it seems to us, is just as true in a case of this kind as it is where A purchases goods from B without saying anything about ever paying for the goods. The presumption is that A is an honest man and that when he secures the goods he means to pay for them, and the law raises an implied promise; so when A says to B, "I owe the mortgage you hold against me," the presumption is that he is an honest man and means at some time in the future to pay the mortgage. The law, therefore, raises an implied promise to pay.

It follows, therefore, from this line of reasoning that a clear and definite acknowledgment of the existence of the contract and liability, whether coupled with a direct promise to pay or not, carries with it an implied promise to pay, and this in a large measure reconciles the cases which hold that there must be a promise to pay with those which hold that it is sufficient to have an unqualified acknowledgment of the existing liability. It has been said by some of the courts, however, and particularly by Justice Brewer in *Elder v. Dyer, supra,* that the acknowledgment is sufficient if it be unqualified and certain, even though it be coupled with the express declaration that the party will never pay the debt. Now, it is not necessary to go to that extent to meet the facts of this case, and we therefore specifically withhold any expression of opinion as to the law under a state of facts where the debtor might acknowledge the debt and yet specifically refuse to pay it. We are satisfied, however, to hold that a definite acknowledgment of the debt, although nothing is said whatever about ever paying the same, is clearly sufficient under our statute where it is not coupled with any refusal to pay or declaration that the party will not pay or never intends to pay. It should be remembered that under the statute and the holding of the court in this state (*Chemung Mining Co. v. Hanley,* 9 Ida. 794, 77 Pac. 226; *Kelly v. Leachman,* 3 Ida. 629, 33 Pac. 44;

*McCormick v. Brown*, 36 Cal. 180, 95 Am. Dec. 170; *Sturges v. Crowninshield*, 4 Wheat. 122, 4 L. ed. 529), the running of the statute of limitations against the cause of action does not cancel the contract or pay the debt. It merely renders it optional with the debtor to thereafter exercise a personal privilege given him by law to plead the limitation and thereby cut off the remedy which the law affords the creditor. It is merely a statute of repose; it does not presume, as has been held in some states, that the debt has been paid. Notwithstanding the fact that the bar of the statute might appear on the face of the complaint, still the same facts would support a valid judgment unless the bar of the statute is pleaded. Our statute, sec. 4078, provides a method of waiving the right to plead the bar of limitation. This statute recognizes two methods, one an acknowledgment and the other a promise. It also recognizes two kinds of "contract," one a "new" contract and the other a "continuing" contract. This statute would be complete for the purposes of the present action by reading it as follows: "No acknowledgment is sufficient evidence of a continuing contract by which to take the case out of the operation of this title, unless the same is contained in some writing, etc." A debt that has not yet been barred by the statute of limitations is undoubtedly a "continuing" contract within the meaning of this statute. An acknowledgment in writing of the existence of such a contract is the acknowledgment of a "continuing contract" within the meaning of this statute, and simply fixes a new date from which the statute of limitations begins to run. It in no respect changes, alters or modifies the original contract; it is simply a waiver of that portion of the statute of limitations which may have run prior to the "acknowledgment." Now, as suggested by Chief Justice Beatty in *Southern Pacific Co. v. Prosser, supra*, a somewhat different principle may be involved where the statute of limitations has already run against the debt prior to the acknowledgment or promise to pay.

Turning now to the facts of the particular case in hand, we find that on October 26, 1903, the defendant Olsen in writing plaintiff, in speaking of a prospective sale of some of his

mines, says: "Now, if I can make this deal will try and get enough money down to liquidate the mortgage you hold against the property." The debt at this time was not barred by the statute and the plaintiff could then have maintained an action. In fact, it was nearly three years thereafter until the cause of action was barred. This was a clear and unqualified acknowledgment that the plaintiff held a mortgage "against the property" owned by Olsen. The apparent condition contained within this statement is not a condition on which the debt was eventually to have been paid, but it was rather a condition Olsen proposed to place upon the prospective sale of his property. He says: "If I can make this deal will try and get enough money down to liquidate the mortgage." This condition was one that he proposed to make upon the purchaser of the property and in no way negatived the presumption that he would raise the money in some other manner in case he failed with this sale. If he succeeded in his sale and in imposing the condition thus suggested upon the purchaser, he proposed to thereupon pay Dern the mortgage held against the property. On the other hand, he does not propose that a failure of this condition should be a refusal to pay the debt, nor does he pretend to say or intimate that he will not pay the debt unless he can make this sale in the manner suggested. This is not a conditional acknowledgment of the debt nor is it a conditional promise. It is an unqualified acknowledgment of the debt with the suggestion of a condition under which he hopes to immediately receive the money with which to pay the debt. We think this acknowledgment sufficient to meet the requirements of the statute. Of course, this would be open to the admission of oral evidence on the part of the defendant to show that the mortgage here referred to was not the mortgage sued upon. Evidence to this effect is admissible under all the authorities. (*Kelly v. Leachman,* 3 Ida. 629, 33 Pac. 44.)

The next question presented in this case is the power and authority of the administrator to waive the bar of the statute of limitations as against the estate represented by him. This claim had never been presented to the administrator by the

plaintiff, but, in conformity with the provisions of sec. 5470 of the Rev. Codes, he expressly waived all recourse against any other property of the estate except that covered by the mortgage. It appears that prior to the time of the running of the statute of limitations, the debtor Lynch died, and Browne was appointed administrator of his estate. Prior to the running of the statute Browne wrote to the plaintiff making reference to this mortgage and the debt secured thereby. It is now claimed by the plaintiff that this was a waiver of the bar of the statute, and that the administrator has the power and authority to waive the statute of limitations where the claim is not barred prior to the death of the debtor.

Sec. 5469 of the Rev. Codes provides as follows: "No claim must be allowed by the executor or administrator, or by the probate judge, which was barred by the statute of limitations, at the time of the death of the decedent. When a claim is presented to the probate judge for his allowance, he may, in his discretion, examine the applicant and others, on oath, and hear any other legal evidence touching the validity of the claim." Sec. 5471 of the Rev. Codes provides that, "The time during which there shall be a vacancy in the administration must not be included in any limitations herein prescribed." It is also provided by sec. 5460 of the Rev. Codes that every executor or administrator must immediately after his appointment give a notice by publishing the same in some newspaper in the county, requiring all persons having claims against the estate to present the same, in the manner prescribed by law. Sec. 5461 provides that the time that shall be expressed in this notice must be ten months after its first publication when the estate exceeds in value the sum of $1,500, and four months when it does not exceed that sum. Sec. 5463 provides that all claims not presented within the time prescribed by the notice shall be "barred forever."

These provisions of the statute indicate to our minds that it was the intention of the lawmakers to prohibit the administrator in any manner extending the bar of the statute of limitations or to interrupt its running against the debt or

claim held against the estate he represents. It is claimed, however, by appellant that the insertion of the words "which was barred by the statute of limitations at the time of the death of the decedent" expresses an intent on the part of the lawmakers to prohibit the administrator from renewing or reviving a debt *already barred,* but did not intend to prohibit him *extending the time* that the statute may run against a debt which was *not barred at the time of the death of the decedent.* This statute, standing alone, is subject to the construction claimed for it by appellant, but when read in connection with the other provisions of the statute, it seems to us that the phrase, "at the time of the death of the decedent," must have been added to prevent any confusion arising on account of the provisions of sec. 5471, whereby the time during which there is a vacancy in the administration is to be excluded and eliminated from the running of the statute. That time could not run prior to the death of the debtor, but necessarily runs subsequent to his death, and while the obligation on its face might show that the statute had run against the claim, still as a matter of fact, which is subject to proof, there may have been a long period of time intervening during which there was no administrator or executor to whom the claim could be presented.

This view of the statute is reinforced by the provisions of sec. 4078, which we have heretofore considered in this opinion. That statute provides that an *acknowledgment* cannot take the case out of the operation of the statute "unless the same is contained in some writing signed by the party to be charged thereby." Now, *"the party to be charged"* is the debtor and not his legal representative. (*Hanson v. Towle,* 19 Kan. 282.) There is no personal liability against the administrator or executor for the debts of the decedent. The administrator or executor is only liable in a representative capacity, and in that capacity only to the extent of the assets of the estate. The acknowledgment of a debt or liability under this provision of the statute so as to take it out of the operation of the statute of limitation appeals to the conscience and sense of fair dealing of the debtor. After he

is dead, his legal representative is purely and solely a legal representative of the estate and not of the person of the deceased. He is purely a business representative, and in no way can represent the conscience or sense of equity and justice of the deceased debtor. When the debtor dies the power and authority to waive the bar of the statute of limitations dies with him, and the conscience and sense of fair dealing to which this statute appeals thereupon loses the medium of expression and action to take the obligation out of the operation of the statute of limitations.

A number of authorities have been cited on this question, and we are aware that a great many courts have held that the administrator may waive the bar of the statute of limitations. That seems to be the general rule in England. These cases, however, rest upon statutes very different from ours. We do not find such a holding from any court where they have statutes the same as or similar to those above quoted. (See 2 Woerner's Law of Administration, sec. 401; *Hanson v. Towle*, 19 Kan. 282; *Bank of Montreal v. Buchanan*, 32 Wash. 480, 73 Pac. 482; *Estate of Claghorn*, 181 Pa. 600, 59 Am. St. 680, 37 Atl. 918.) In the case last cited, the supreme court of Pennsylvania, after reviewing the authorities, said: "It will be seen from these most explicit decisions that the personal representative is not answerable for a cause of action not created by the decedent; that if by a new promise he revive a debt already barred, or prolongs the life of one not yet barred, the contract is his own, and he is personally answerable." (*Clayton v. Dinwoodey*, 33 Utah, 251, 93 Pac. 728, 14 Ann. Cas. 926. To the contrary effect, see *Preston v. Cutter*, 64 N. H. 467, 13 Atl. 874; *Brown v. Anderson*, 13 Mass. 201; *Suhre v. Benton* (Tex. Civ. App.), 25 S. W. 822; see note to *Schlicker v. Hemenway*, 52 Am. St. 123.)

We therefore conclude that the plaintiff stated a good cause of action against the defendant Olsen, and that as against the administrator and the intervenors the complaint was open to the demurrer on the ground that the cause of action was barred by the statute of limitations. The judgment must therefore be reversed and the cause remanded for further

proceedings, in accordance with the views herein expressed. Costs awarded against the appellant and in favor of the administrator and the intervenors who are heirs of the deceased and creditors of the estate of deceased, and the appellant will be awarded such costs against the respondent Olsen as have necessarily been incurred in prosecuting the appeal against Olsen alone.

Sullivan, C. J., concurs.