(No. 4975.   December 31, 1928.)

GUST MAHAS, Respondent, v. W. F. KASISKA, Appellant, and E. C. WHITE, Defendant.

[276 Pac. 315.]

Walter H. Anderson, for Appellant.

Merrill & Merrill, for Respondent.

WM. E. LEE, C. J.—This is an action by Mahas to recover on a promissory note made by White and Kasiska. The note was payable "on demand." It was executed August 23, 1920. Interest was paid by White to and including the year 1923. In 1924, Mahas demanded payment of the note from White, and in July, 1925, he demanded payment from Kasiska. Payment was not made and action was instituted October 6, 1925, more than five years after the date of the note. White was not served and did not appear. Kasiska pleaded the bar of the statute of limitations, C. S., sec. 6609, and from a judgment for Mahas, entered on a directed verdict, this appeal is prosecuted.

It is the position of appellant that the statute commenced to run from the date of the instrument, and that more than five years elapsed between the date of the instrument and the commencement of the action. It is the position of respondent that the parties agreed, when the note was delivered, that it would not mature until demand for payment had been made, and that the statute, therefore, did not commence to run until payment was demanded. To prove that the parties intended that the note "would not mature until a demand was made in fact," respondent testified: " . . . . and he (Kasiska) says to make the note on demand and when I need the money to ask for it and get it." Conceding, for the purpose of

argument, that this evidence is sufficient to show the claimed agreement, in view of the objection, that it tended to vary the terms of the note, it should not have been admitted. The note is complete on its face and free from ambiguity. The legal effect of an instrument payable on demand, such as the one in question, is that it is due immediately (8 C. J. 406), and that the statute of limitations commences to run from the date of its execution. (37 C. J. 845; 17 R. C. L. 769.) To give such evidence the effect urged by respondent would change the legal effect of the note in that, instead of maturing at the date of its execution, it would not mature, and the statute would not commence to run, until demand for payment was actually made. Parol evidence is inadmissible to vary the plain terms and conditions of a promissory note (*International Harvester Co. v. Beverland,* 37 Ida. 782, 219 Pac. 201; *Craven v. Bos,* 38 Ida. 722, 225 Pac. 136; *Central Bank of Bingham v. Perkins,* 43 Ida. 310, 251 Pac. 627); and its legal effect can no more be contradicted, changed or explained by extrinsic evidence than the writing itself. (*Smith etc. Co. v. Corbin,* 81 Wash. 494, 142 Pac. 1163; *Riddell v. Peck-Williamson etc. Co.,* 27 Mont. 44, 69 Pac. 241; *State v. District Court,* 55 Mont. 330, 176 Pac. 613; *Standard Box Co. v. Mutual Biscuit Co.,* 10 Cal. App. 746, 103 Pac. 938; *Andrus v. Blazzard,* 23 Utah, 233, 63 Pac. 888, 54 L. R. A. 354; *California etc. Co. v. Crowder,* 58 Cal. App. 529, 209 Pac. 68; *Young v. Bierschenk,* 199 Iowa, 309, 201 N. W. 591; *Morrison v. Riley* (Tex. Civ. App.), 198 S. W. 1031; 22 C. J. 1075; 10 R. C. L. 1022, n. 16.)

Respondent also contends that the interest payments by White suspended the running of the statute in favor of Kasiska. Whether a payment by one of two parties jointly or severally liable on a promissory note suspends the running of the statute as to the other has never been directly passed on by this court. An examination of the authorities, both English and American, discloses great diversity

of opinion. (*Cowhick v. Shingle,* 5 Wyo. 87, 63 Am. St. 17, 37 Pac. 689, 25 L. R. A. 608.)

C. S., sec. 6631, as amended, is:

"No acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby; but any payment of principal or interest is equivalent to a new promise in writing, duly signed, to pay the residue of the debt."

From a reading of the statute, it is apparent that no acknowledgment or promise in writing by one of two parties jointly or severally liable on a promissory note will suspend the running of the statute as to the other. Since a payment of interest "is equivalent to a new promise in writing duly signed," and the written promise binds only the person who signs it, payment necessarily binds only the person who makes it. Payment is the equivalent of, and has the same effect as, a promise in writing; and like a written promise in writing, it keeps the debt alive only as to the party who makes the payment. It is our construction of the statute, therefore, that payment by one of two joint makers of a promissory note will not suspend the running of the statute as to the other. (*Cowhick v. Shingle, supra;* 37 C. J. 1163; 17 R. C. L. 938, sec. 302. See, also, *Gray v. Pierson,* 7 Ida. 540, 64 Pac. 233.)

It is alleged that some time before the statute had run appellant wrote certain letters to respondent, acknowledging the existence of the note and his obligations to pay it. The letters are in evidence and have been carefully considered. While they may be said to recognize the existence of the note, they contain neither an express promise to pay nor any express acknowledgment or admission of liability. They contain professions of surprise and regret that the note had not been paid, expressions of willingness to assist respondent in an effort to secure payment from White, suggestions that the note be sent to a lawyer in Pocatello for

collection and that it be filed as a claim with White's receiver. In order to take a case out of the operation of the statute there must have been an express promise to pay or an acknowledgment or admission of the debt in terms so distinct and unqualified that such a promise may be implied. (Chitty on Contracts, 17th ed., 846.) A mere reference to the debt, without an express or implied promise to pay it is not sufficient to prevent the running of the statute. (*Gragg v. Barnes*, 32 Kan. 301, 4 Pac. 276.)

In 17 R. C. L. 898, sec. 256, it is said:

"If there be no express promise, but a promise is to be raised by implication of law, from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a present subsisting debt, which the party is liable and willing to pay. If there be accompanying circumstances, which repel the presumption of a promise or intention to pay—if the expression be equivocal, vague, or indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways—they ought not to go to a jury as evidence of a new promise, to revive the cause of action." (16 Cal. Jur. 585, sec. 181; 37 C. J. 1104, sec. 573.)

A promise to pay cannot be implied from the writings before us. A careful reading of the letters shows that the writer very carefully refrained from the expression of any liability or any intention or willingness to pay the debt. He referred to the debt, it is true, but was careful to suggest that it be collected from White. The qualifying expressions used not only repel the idea of an implied promise to pay the debt but infer an intention not to pay it. From a consideration of the purpose of the statute and the authorities, it is our conclusion that "the letters do not constitute such a clear and definite acknowledgment of the existence of a contract and liability" (*Dern v. Olson*, 18 Ida. 358, Ann. Cas. 1912A, 1, 110 Pac. 164, L. R. A. 1915B,

1016) as to take the case out of the operation of the statute.

Judgment reversed. Costs to appellant.

Givens, J., and Baker, D. J., concur.

Budge, J., deeming himself disqualified, took no part in the decision.

TAYLOR, J., Concurring in Part and Dissenting in Part.—I concur in holding that the statute of limitations commenced to run from the date of the note, and that payments of interest by White did not suspend the running of the statute as to Kasiska. I am, however, of the opinion that the letters constituted sufficient acknowledgment to prevent the running of the statute of limitations prior to commencement of the action. The judgment should therefore be affirmed.

(April 25, 1929.)

ON REHEARING.

WM. E. LEE, J.—Petition for rehearing was granted, and the cause re-argued. We adhere to the original opinion.

Givens, T. Bailey Lee and Varian, JJ., and Baker, D. J., concur.

Budge, C. J., did not take part.