## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 36734

COLLECTION BUREAU, INC., )
)  **Lewiston, November 2010 Term**
    **Plaintiff-Appellant,** )
)  **2011 Opinion No. 40**
v. )
)  **Filed: March 21, 2011**
JOHN M. DORSEY, )
)  **Stephen Kenyon, Clerk**
    **Defendant-Respondent.** )

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

The district court order granting summary judgment is <u>reversed</u> and the matter is <u>remanded</u> for further proceedings consistent with this opinion.

Hamilton, Michaelson & Hilty, LLP, Nampa, for appellant. Kerry E. Michaelson argued.

Redal & Redal, Coeur d'Alene, for respondent. John E. Redal argued.

_____

HORTON, Justice

This case relates to an effort to collect a fine in a criminal case. Collection Bureau, Inc. (Collection Bureau) appeals the district court's order granting John Dorsey's (Dorsey) motion for summary judgment on the grounds that the statute of limitations barred recovery of the fine imposed upon conviction. We reverse and remand for further proceedings consistent with this opinion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Dorsey was charged by information with trafficking in methamphetamine by manufacturing in Shoshone County. At the conclusion of his trial, the jury found Dorsey guilty. On March 19, 2001, the district court entered a judgment of conviction, sentencing Dorsey to twenty years imprisonment, with five years fixed, and fining Dorsey $25,000, payable to the Shoshone County Clerk of the Court.

1

On August 8, 2005, Dorsey was released on parole. On that date, he executed a notarized written instrument that set forth the conditions of his parole (Parole Agreement). The Parole Agreement contained a special condition providing that Dorsey "must make payment to the sentencing court for fines and other assessments, which were ordered at the time of sentencing. Establish and follow a payment schedule as determined by the Parole Officer."

Shoshone County (the County) made unsuccessful oral and written demands of Dorsey for payment. The County did not record or renew the judgment, nor did it seek to execute upon the judgment. Instead, it assigned the debt to Collection Bureau. By September 25, 2007, interest on Dorsey's fine had increased the amount due to $33,325. Collection Bureau filed a complaint seeking to collect that amount on January 28, 2008. Dorsey answered, asserting that the claim was barred by the statute of limitations.

Dorsey moved for summary judgment on those grounds.[1] In response, Collection Bureau asserted that because the original judgment was in writing and benefited the state, it was excepted from the five-year statute of limitations by operation of I.C. § 5-216.[2] In the alternative, Collection Bureau asserted that the Parole Agreement was an enforceable contract between Dorsey and the Department of Corrections that renewed Dorsey's obligation to pay the debt. Collection Bureau argued that the County, and Collection Bureau as its assignee, were

---

[1] Dorsey's motion for summary judgment was based upon I.C. §§ 11-101 and 11-105. These are not statutes of limitation. Rather, these statutes govern execution on judgments. Idaho Code § 11-101 provides:

> Except as provided in section 5-245, Idaho Code, for execution on judgments for support of a child, the party in whose favor judgment is given may, at any time within five (5) years after the entry thereof, have a writ of execution issued for its enforcement, subject to the right of the court to stay execution as provided by the rules adopted by the supreme court.

Read closely, I.C. § 11-101 does not purport to provide a limitation on an action based upon a judgment; rather, it limits the time within which one may obtain a writ of execution to enforce a judgment to five years from the date of the judgment's entry. Nor is I.C. § 11-105 applicable to this case. Rather, this statute relates to execution on judgments providing other than monetary relief:

> In all cases other than for the recovery of money the judgment may be enforced or carried into execution after the lapse of five (5) years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings.

[2] Idaho Code § 5-216 provides as follows:

> Within five (5) years:
>
> An action upon any contract, obligation or liability founded upon an instrument in writing.
>
> The limitations prescribed by this section shall never apply to actions in the name or for the benefit of the state and shall never be asserted nor interposed as a defense to any action in the name or for the benefit of the state although such limitations may have become fully operative as a defense prior to the adoption of this amendment.

2

third-party beneficiaries of that contract and therefore had the right to enforce the contract. Collection Bureau asserted that because the Parole Agreement was a contract with the state, enforcement of the document's terms was excepted from the statute of limitations provided by I.C. § 5-216, and therefore the cause of action was not barred. Collection Bureau also contended that even if the Parole Agreement did not inure to the benefit of the state, the action was not barred because it was a new written contract and the action was commenced within five years of the date of the Parole Agreement.

The district court found that the Parole Agreement could "potentially be construed as a contract between the State of Idaho Department of Correction and Mr. Dorsey." However, it held that the gravamen of that agreement was that Dorsey must engage in prosocial activities to maintain his release on parole. It held that since the benefit that would inure to the County if Dorsey paid the fine was only incidental to this prosocial purpose, Collection Bureau was not a third-party beneficiary vested with the authority to enforce the Parole Agreement. The district court thus granted Dorsey's motion for summary judgment.[3] Collection Bureau timely appealed, requesting attorney fees and costs pursuant to I.C. §§ 12-120(3) and 12-121, as well as Idaho Appellate Rules 35(a)(5) and 41.

## II. STANDARD OF REVIEW

On appeal from an order granting a party's motion for summary judgment, we employ the same standard of review that the trial court used in ruling on the motion. *Baxter v. Craney*, 135 Idaho 166, 170, 16 P.3d 263, 267 (2000). Summary judgment is appropriate when the pleadings, affidavits, and discovery documents before the district court indicate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). The moving party carries the burden of proving the absence of a genuine issue of material fact. *Baxter*, 135 Idaho at 170, 16 P.3d at 267. This Court will liberally construe facts in favor of the non-moving party, together with all reasonable inferences from the evidence. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 400-01, 987 P.2d 300, 312-13 (1999).

---

[3] Notably, the district court did not identify the statutory basis for its conclusion that Collection Bureau's action was barred. We infer that the district court adopted Dorsey's contention that I.C. § 11-101 and/or I.C. § 11-105 operated as a statutory bar to the action.

3

## III. ANALYSIS

Collection Bureau contends there are two avenues by which this Court may find its complaint was timely filed. First, it argues that the March 19, 2001, judgment sentencing Dorsey to imprisonment and payment of a fine was a written instrument to which the state was a party, and therefore I.C. § 5-216, the statute of limitations governing liability upon written instruments, does not apply. Collection Bureau also argues that if this Court finds I.C. § 5-216 to be inapplicable to the judgment, the statute applies to the August 8, 2005, Parole Agreement signed by Dorsey. Collection Bureau asserts the Parole Agreement was a new written contract of which it is a third-party beneficiary. Collection Bureau argues that Dorsey acknowledged the debt owed to the County by signing the Parole Agreement and thereby renewed his obligation to pay it. Thus, Collection Bureau argues the I.C. § 5-216 five-year statute of limitations applicable to written instruments began to run on August 8, 2005, making the January 28, 2008 complaint timely. Dorsey responds that this action is governed by I.C. § 5-215,[4] providing a six year statute of limitations, and because this action was not initiated within six years of the entry of the criminal judgment, the action is barred.

We find that Dorsey's execution of the Parole Agreement constituted an acknowledgement of the debt. For that reason, we do not decide which statute of limitations found within chapter 2, Title 5, Idaho Code applies.

### A. By signing the Parole Agreement, Dorsey acknowledged the debt created by the judgment of conviction.

Collection Bureau argues that Dorsey's act of signing the August 8, 2005, Parole Agreement was an acknowledgment evidencing a new or continuing contract between Dorsey and the state, sufficient to renew Dorsey's obligation to pay the fine. This acknowledgment, Collection Bureau asserts, triggered a new five-year statute of limitations for bringing an action on a written instrument under I.C. § 5-216. Since Collection Bureau's present action to enforce the acknowledgment was brought within that period, it argues its complaint was timely filed. Collection Bureau further argues that Shoshone County was a third-party beneficiary to the

---

[4] Idaho Code § 5-215 provides, in pertinent part:
> Within six (6) years:
>> 1. An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States.

Parole Agreement, and thus Collection Bureau as the County's assignee has standing to enforce the agreement.

For over a century, Idaho law has provided that one may reinitiate the statute of limitations on an unpaid debt for which the statute's period has not yet expired by acknowledging the debt's existence in writing. *E.g., Dern v. Olsen*, 18 Idaho 358, 366, 110 P. 164, 166 (1910).

> No acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this chapter, unless the same is contained in some writing, signed by the party to be charged thereby; but any payment of principal or interest is equivalent to a new promise in writing, duly signed, to pay the residue of the debt.

Idaho Code § 5-238. Where a debtor acknowledges a debt that has not yet been barred by the statute of limitations, a continuing contract is created because "the presumption is that he is an honest man, and means at some time in the future to pay [it]. The law, therefore, raises an implied promise to pay." *Dern*, 18 Idaho at 366, 110 P. at 167. No additional consideration is necessary. *Id.*; *see also Shepherd v. Thompson*, 122 U.S. 231, 235 (1887) (stating that the original debt "is a sufficient legal consideration for a subsequent new promise to pay it . . .").

The Idaho acknowledgment statute was originally borrowed verbatim from a preexisting California statute. *Woods v. Locke*, 49 Idaho 486, 493, 289 P. 610, 612 (1930). Thus, we presume that our legislature intended to adopt reasonable constructions of the statute that were established by California courts prior to its adoption in Idaho. *Lawrence Warehouse Co. v. Rudio Lumber Co.*, 89 Idaho 389, 395, 405 P.2d 634, 637 (1965). When this Court was long ago confronted with the question of whether the statute is applicable to judgments, we looked to the California Supreme Court for guidance. *Woods*, 49 Idaho at 493, 289 P. at 612 (citing *McCormick v. Brown*, 36 Cal. 180 (1868)). *McCormick* included judgment debts within the statute, and this Court reasoned that "[a] valid judgment, while it is conclusive evidence of a debt, is vastly much more. It is a living obligation potential of as much grief to the judgment debtor as any mortgage bond, signed, sealed, and delivered. It is a debt. It is a debt of record." *Id.* (internal citations omitted). Collection Bureau thus correctly argues that the debt created by Dorsey's criminal judgment was capable of renewal by an acknowledgment.

The question then is whether the statements contained in Dorsey's Parole Agreement constitute an acknowledgment falling within the scope of I.C. § 5-238. "[A] clear and definite

5

acknowledgment of the existence of the contract and liability, whether coupled with a direct promise to pay or not, carries with it an implied promise to pay." *Dern,* 18 Idaho at 366, 110 P. at 167. Thus, if one requests the opportunity to pay an existing debt in a certain way, e.g., in labor, he acknowledges the debt and revives the running of the statute of limitations. *S. Pac. Co. v. Prosser*, 55 P. 145, 146 (Cal. 1898). Likewise, if he mentions a means by which he hopes to pay the debt, and does not condition payment on the viability of those means, he acknowledges the debt. *Dern*, 18 Idaho at 368, 110 P. at 167.

However, there is no acknowledgment in the absence of "an acknowledgement or admission of the debt in terms so distinct and unqualified that [a promise to pay] may be implied." *Mahas v. Kasiska*, 47 Idaho 179, 186, 276 P. 315, 317 (1928). Thus, if a debtor demands release from the judgment in exchange for new terms of repayment, there is no acknowledgment. *McCormick*, 36 Cal. at 186-87. Likewise, if he agrees to be bound by the outcome of arbitration, he has not acknowledged the debt but instead has expressed an intention to limit his liability to the proceeding's outcome. *Curtis v. City of Sacramento*, 11 P. 748, 749 (Cal. 1886). Similarly, a jointly and severally liable debtor's expression of willingness to assist in collecting payment from the other debtor is not an acknowledgment because it demonstrates the debtor's own unwillingness to pay. *Mahas*, 47 Idaho at 186, 276 P. at 317. Thus, while the finding of an acknowledgment is precluded by a debtor's statement or conduct suggesting any hesitancy regarding payment of the full debt, conduct that admits liability exists and imposes no qualification upon that liability is sufficient to renew the statute of limitations.

Dorsey signed the Parole Agreement on August 8, 2005, within five years of the March 19, 2001, entry of his criminal judgment. Thus, if his signature on the Parole Agreement was an acknowledgment, Collection Bureau's suit was timely filed, regardless of whether we were to apply the five year limitation provided by I.C. § 5-216 or the six year limitation provided by I.C. § 5-215(1). In order for Dorsey's signed Parole Agreement to fall within the acknowledgment statute, he needed to unconditionally acknowledge the debt owed pursuant to the criminal judgment.

Dorsey executed the Parole Agreement in order to secure parole from imprisonment for his methamphetamine trafficking sentence. Therefore, the reference to the fine he owed the sentencing court was not "equivocal, vague, or indeterminate." Rather, the Parole Agreement's statement that Dorsey "must make payment to the sentencing court for fines and other

6

assessments, which were ordered at the time of sentencing," left no question as to which debt the document referred. While the Parole Agreement required Dorsey to "[e]stablish and follow a payment schedule as determined by the Parole Officer," Dorsey's compliance with a payment schedule was not conditioned upon the County immediately releasing him from liability on the judgment, as was the case in *McCormick,* nor has Dorsey asserted that he was only liable for the debt according to the terms of that payment schedule. Rather, as was the case in *Southern Pacific Co.*, Dorsey's agreement to comply with a payment schedule was a commitment to pay the full debt owed in a particular manner. Unlike the debtor in *Mahas*, Dorsey's execution of the Parole Agreement was not coupled with any expression susceptible of an interpretation that he was not obligated to pay the debt or intended to limit his liability for the debt. We conclude that by executing the Parole Agreement on August 8, 2005, Dorsey unconditionally admitted that the March 19, 2001 judgment debt existed, and he thereby acknowledged the debt.

Since either potentially applicable statute of limitations had not expired when Dorsey signed the Parole Agreement, we do not decide whether I.C. § 5-215(1) or I.C. § 5-216 governs proceedings arising from a criminal judgment, Dorsey's unconditional acknowledgment of the debt was sufficient to continue his obligation under the judgment. As our decision in *Dern* makes clear, a new promise, accompanied by new consideration, was not necessary to renew the running of the statute of limitations. Because there was no new contract, we need not discuss whether Collection Bureau was a third-party beneficiary. Since Collection Bureau filed suit on January 28, 2008, less than three years after Dorsey's acknowledgement of the judgment debt, its action is not barred.

## B. Collection Bureau is not entitled to an award of attorney fees.

Collection Bureau claims it is entitled to attorney fees and costs associated with this appeal under I.C. §§ 12-120(3) and 12-121, as well as Idaho Appellate Rules 35(a)(5) and 41. Under I.C. § 12-120(3), the prevailing party in a civil action involving a commercial transaction is entitled to reasonable attorney fees. Although I.C. § 19-2518 authorizes Collection Bureau to pursue the money judgment against Dorsey as though it were in a civil action, the basis for this action is a criminal judgment that resulted from a criminal proceeding, not a commercial transaction. Thus, I.C. § 12-120(3) is inapplicable. We do not view Dorsey's position in this litigation to have been frivolous, therefore we do not award attorney fees pursuant to I.C. § 12-121. Idaho Appellate Rules 35(a)(5) and 41 merely set forth the procedural steps necessary for a

party to seek attorney fees on appeal and do not provide an independent basis for an award of attorney fees. Accordingly, we do not award Collection Bureau attorney fees.

## IV. CONCLUSION

This Court reverses the district court's order granting summary judgment and remands to that court for further proceedings consistent with this opinion. Costs to Collection Bureau.

Chief Justice EISMANN and Justices BURDICK and W. JONES **CONCUR**.

J. JONES, Justice, specially concurring.

I concur in the Court's opinion, except to the extent it may suggest that proceedings to collect upon a fine imposed as part of the sentence in a judgment of conviction in a criminal case are subject to any statute of limitations. In my estimation, no statute of limitations applies to the collection of a fine, monetary penalty, or restitution provision contained in a judgment of conviction in a criminal case. The provisions of Idaho Code §§ 5-201 through 248 are contained in Title 5, which pertains to "Proceedings in Civil Actions in Courts of Record." Those provisions do not apply to criminal judgments.