NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WESTERN MORTGAGE & REALTY COMPANY, a Washington corporation, Plaintiff-Appellant, v. KEYBANK NATIONAL ASSOCIATION, a national banking association and KEYCORP CAPITAL, INC., an Ohio corporation, Defendants-Appellees. | No.  15-35821 D.C. No. 1:13-cv-00216-EJL-REB MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted August 28, 2017
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and ROTHSTEIN,[**] District Judge.

Western Mortgage & Realty Co. appeals the district court's order granting

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

summary judgment to KeyBank National Association and KeyCorp Capital, Inc. (collectively, "KeyBank"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On May 23, 2007, Western Mortgage entered into a contract for the purchase of certain debts believed to be owned by KeyBank. On August 3, 2010, the parties agreed to amend the purchase price for the contract. Western Mortgage filed this action on April 9, 2013, alleging that KeyBank failed to transfer good title to one of the debts enumerated in the original contract.

The district court correctly ruled that Western Mortgage's breach of contract and breach of warranties claims are barred by Idaho's five year statute of limitations. *See* Idaho Code § 5-216. The relevant warranties were agreed to in a contract that closed on May 23, 2007, which started the statute of limitations. Western Mortgage did not file its complaint until nearly six years later. The statute of limitations was not restarted when the parties amended the purchase price of the contract because that amendment concerned a discrete matter independent of the warranties. The statute of limitations also was not restarted by Idaho Code § 5-238 because that section is inapplicable to the facts here, where a debtor did not promise to pay a debt. *See Mahas v. Kasiska*, 276 P. 315, 317 (Idaho 1928).

The district court correctly dismissed Western Mortgage's fraud claims. The district court properly concluded that Western Mortgage could have discovered the

alleged fraud by reasonable diligence before April 9, 2010. Thus, Western Mortgage's claim is barred by Idaho's three year statute of limitations for fraud. *See* Idaho Code § 5-218(4). An email sent by KeyBank's Vice President did not constitute fraud because, in context, the email was one of opinion and not of fact. *See Nelson v. Hoff*, 218 P.2d 345, 349 (Idaho 1950).

**AFFIRMED.**