# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No.47363

CHRIS DRAKOS and CHRIS DRAKOS )
ENTERPRISES, INC. )
                                              )          **Boise, June 2020 Term**
    **Plaintiffs-Appellants,** )
                                               )
v.                                          )          **Opinion Filed: July 21, 2020**
                                               )
GARRETT H. SANDOW and DOREA )
ENTERPRISES, INC. )         **Melanie Gagnepain, Clerk**
                                               )
    **Defendant-Respondents.** )
_____ )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Stevan H. Thompson, District Judge.

The district court's ruling granting summary judgment to Sandow and denying Drakos' Motion for Reconsideration is <u>affirmed</u>. Costs on appeal are <u>awarded</u> to Sandow.

Dunn Law Office, PLLC, Rigby, attorneys for Appellants. Robin Dunn argued.

Garrett Sandow, Blackfoot, attorney for Respondents. Garrett Sandow argued.

_____

BEVAN, Justice

## I. NATURE OF THE CASE

In 2010, Appellant Chris Drakos loaned Respondent Garrett Sandow $200,000.00. A promissory note ("Note") executed by Sandow on November 30, 2010, secured the loan. In 2018, after receiving no payments, Drakos filed a complaint seeking to collect on the Note. Sandow moved for summary judgment arguing that the statute of limitations barred the action. Drakos filed a cross-motion for summary judgment, arguing that the statute of limitations did not apply based on the Note's clear language. The district court granted summary judgment to Sandow. Drakos moved the district court to reconsider, which the district court denied. Drakos timely appealed, arguing the district court erred in granting summary judgment for Sandow and in denying his motion for reconsideration. We affirm.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2010, Drakos loaned Sandow $200,000.00 for the construction and operation of a car wash. To formalize the loan, Sandow executed the Note on November 30, 2010, promising to pay Drakos $200,000.00, plus interest. The Note provided that "[p]ayments of $2,000.00 per month shall begin January 1, 2011[,] and continue thereafter until paid in full. A balloon payment of approximately $125,000.00 shall be made by March 31, 2011. A balloon payment of all remaining amounts shall be paid no later than August 31, 2011." The Note also provided:

> The makers, sureties, guarantors and endorsers of this Note jointly and severally waive presentment for payment, notice of protest, and notice of non-payment, *and consent that this Note or any payment due under this Note may be extended or renewed without prior demand or notice*, and further consent to the release of any collateral or part thereof, with or without substitution.

(Emphasis added.) Sandow made no payments on the Note before the deadline of August 31, 2011.

In February 2018, Drakos sent Sandow a handwritten note stating, "I think you have ignore[d] that you owe me a large sum of money[.] [I]t has been 7 years—I need you to take care of this. I think you are a better man to keep ignoreing [sic] this." Drakos then filed a complaint seeking to collect on the Note on August 16, 2018. Sandow moved for summary judgment arguing the statute of limitations barred Drakos' action since the last payment was due no later than August 31, 2011. Drakos filed a cross motion for summary judgment, arguing the statute of limitations was inapplicable because the Note stated it could be extended or renewed without prior demand or notice. The district court, finding the statute of limitations barred Drakos' action and that Drakos had failed to show Sandow had acknowledged the debt, granted summary judgment for Sandow.

Drakos moved the district court to reconsider its summary judgment ruling, alleging for the first time that Sandow provided legal services for Drakos to reduce the amount of interest owed on the Note. The district court, finding Drakos failed to provide evidence that the legal services were performed as payment toward interest on the Note, denied Drakos' motion for reconsideration. Drakos timely appealed.

## III. ISSUES ON APPEAL

1.   Whether the district court erred in granting summary judgment for Sandow?
2.   Whether the district court erred in denying Drakos' motion for reconsideration?

## IV. STANDARD OF REVIEW

"[T]he standard of review for this Court when reviewing a district court's grant of summary judgment is well-settled: this Court 'uses the same standard properly employed by the district court originally ruling on the motion.' " *Lanham v. Fleenor*, 164 Idaho 355, 358, 429 P.3d 1231, 1234 (2018) (quoting *Jordan v. Beeks*, 135 Idaho 586, 589, 21 P.3d 908, 911 (2001)). "The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Ciccarello v. Davies*, 166 Idaho 153, 158–59, 456 P.3d 519, 524–25 (2019) (quoting I.R.C.P. 56(a)).

> A moving party must support its assertion by citing particular materials in the record or by showing the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the facts. Summary judgment is improper if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented. Even so, a mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact for the purposes of summary judgment.

*Trumble v. Farm Bureau Mut. Ins. Co. of Idaho*, 166 Idaho 132, 140–41, 456 P.3d 201, 209–10 (2019) (internal citations and quotations omitted). When reviewing the grant or denial of a motion for reconsideration, the district court, as well as this Court, "must apply the same standard of review that the court applied when deciding the original order that is being reconsidered." *Alsco, Inc. v. Fatty's Bar, LLC*, 166 Idaho 516, 524, 461 P.3d 798, 806 (2020) (citation omitted). Thus, "when reviewing the grant or denial of a motion for reconsideration following the grant of summary judgment, this Court must determine whether the evidence presented a genuine issue of material fact to defeat summary judgment." *Ciccarello*, 166 Idaho at 159, 456 P.3d at 525 (quoting *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012)).

## V. ANALYSIS

Drakos argues the district court erred in granting summary judgment to Sandow. According to Drakos, the statute of limitations is inapplicable because the Note's clear language permits automatic renewal or extension of payment deadlines. Drakos also argues the district court erred in denying his motion for reconsideration. Drakos maintains Sandow made payments toward interest on the Note in the form of legal services Sandow performed for Drakos on a separate collections claim. For the reasons discussed below, we affirm.

A.      **The district court did not err in granting summary judgment for Sandow because the statute of limitations barred Drakos' action.**

The district court granted summary judgment for Sandow after finding the statute of limitations imposed by Idaho Code section 5-216 barred Drakos' action. Drakos argues the district court's grant of summary judgment for Sandow was erroneous. According to Drakos, the Note's clear language provides the Note can be "extended or renewed without prior demand or notice[;]" thus, Drakos argues the parties contracted around the statute of limitations when the parties executed the Note.

"Civil actions can only be commenced within the periods prescribed . . . after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute." I.C. § 5-201. "A cause of action accrues and the statute of limitations begins to run when a cause of action exists." *Swafford v. Huntsman Springs, Inc.*, 163 Idaho 209, 212, 409 P.3d 789, 792 (2017). "An action upon any contract, obligation or liability founded upon an instrument in writing[,]" must be commenced within five years. I.C. § 5-216.

This Court has explicitly held "a perpetual or indefinite waiver of the statute of limitations would be void as against public policy." *Donald M. Day and Marjorie D. Day Fam. Tr. v. Transp. Dep't*, 166 Idaho 293, 302, 458 P.3 162, 171 (2018). The object of a statute of limitations "is to prevent fraudulent and stale actions from springing up after a great lapse of time." *Billings v. Sisters of Mercy of Idaho*, 86 Idaho 485, 496, 389 P.2d 224, 231 (1964). In fact, "the majority of jurisdictions hold an agreement contained in an original obligation never to assert the statute of limitations violates the public policy of the statute and is invalid." *See Hirtler v. Hirtler*, 566 P.2d 1231, 1231 (Utah 1977); *see also Ross v. Ross*, 393 P.2d 933, 934 (Ariz. 1964) ("Public policy cannot be wiped out by a private attempt to repeal the statutes [of limitations] in advance" because statutes of limitation are declarations of public policy). The rationale is that "[s]tatutes of limitations are not designed exclusively for the benefit of individuals but are also for the public good" and are "intended to prevent the revival and enforcement of stale demands" which are difficult to defend. *Hirtler*, 566 P.2d at 1231. If parties were able to contract around the statute of limitations at the time of execution, "[t]he door would be open to the very abuses the statute was designed to prevent, and the result would be an annihilation of the statute." *Id*. at 1231–32.

The longstanding rule in Idaho is that parties may not contract around a statute of limitations. While we have never explicitly defined the public policy which underpins this result, the policy statements of our sister states as set forth here are analogous to those of this state and we adopt them. Thus, we reject Drakos' argument that the statute of limitations did not apply

4

because the Note's language provided the Note could be extended or renewed without prior demand or notice. It is worth noting, however, that notwithstanding the prohibition against contractual provisions improperly extending or waiving the statute of limitations, our laws have recognized that the parties to a contract may shorten it under certain circumstances. *See.* I.C. § 28-2-725(1) ("An action for breach of any contract for sale [brought under the U.C.C.] must be commenced within four (4) years after the cause of action has accrued. By the original agreement *the parties may reduce the period of limitation to not less than one (1) year but may not extend it.*") (emphasis added). The opposite is not true, however, as the district court properly concluded.

**B.      The district court did not err in granting summary judgment for Sandow because Sandow did not reinitiate the statute of limitations through an acknowledgment outlined by Idaho Code section 5-238.**

After finding the statute of limitations barred Drakos' action, the district court held Sandow did not revive the statute of limitations pursuant to Idaho Code section 5-238 because Sandow made no payments on the Note and there was no evidence showing Sandow acknowledged his obligation on the Note. Drakos argues the district court's grant of summary judgment for Sandow was erroneous because the Note's language satisfied the requirements of section 5-238. We disagree.

Even though creditors like Drakos may not contract around the statute of limitations, "[f]or over a century, Idaho law has provided that one may reinitiate the statute of limitations on an unpaid debt for which the statute's period has not yet expired by acknowledging the debt's existence in writing." *Collection Bureau, Inc. v. Dorsey*, 150 Idaho 695, 698, 249 P.3d 1150, 1153 (2011).

> No acknowledgement or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of [the statute of limitations], unless the same is contained in some writing, signed by the party to be charged thereby; but any payment of principal or interest is equivalent to a new promise in writing, duly signed, to pay the residue of the debt.

I.C. § 5-238.

Thus, the statute of limitations may be revived by an unequivocal acknowledgment of the debt's existence in writing. *See Dorsey*, 150 Idaho at 698, 249 P.3d at 1153. "Where a debtor acknowledges a debt that has not yet been barred by the statute of limitations, a continuing contract is created because the presumption is that he is an honest man, and means at some time in the

5

future to pay [it]." *Id*. at 698–99, 249 P.3d at 1153–54 (internal quotations omitted). An implied promise to pay is created and no additional consideration is necessary. *Id*. at 699, 249 P.3d at 1154.

In *Dorsey*, a criminal defendant was fined $25,000.00, payable to the County, after he was found guilty of trafficking methamphetamine in March 2001. *Id*. at 696, 249 P.3d at 1151. In August 2005, after being released on parole, Dorsey signed a parole agreement acknowledging that he had to "make payment to the sentencing court for fines and other assessments, which were ordered at the time of sentencing." Dorsey was also required to "[e]stablish and follow a payment schedule as determined by the Parole Officer." *Id*. The County, after unsuccessfully trying to collect on the debt, assigned the debt to a collection agency. *Id*. at 696–97, 249 P.3d at 1151–52. The collection agency then filed an action to collect on the debt in January 2008. *Id*. at 697, 249 P.3d at 1152. Dorsey argued the action was barred by the statute of limitations because more than five years had passed since the original debt was imposed. *Id*. This Court addressed whether Dorsey reinitiated the statute of limitations through an acknowledgement under Idaho Code section 5-238 when he signed the parole agreement that referenced the original debt. *Id*. at 699, 249 P.3d at 1154. This Court answered affirmatively, and explained that by executing the agreement, Dorsey unconditionally admitted the debt imposed in 2001 existed. *Id*. at 700, 249 P.3d at 1155. As a result, the Court held the statute of limitations did not bar the collection action filed in 2008 because Dorsey signed the parole agreement acknowledging the debt in 2005, only three years before the action began. *Id*.

To establish that the statute of limitations has been reinitiated, there must be " 'an acknowledgment or admission of the debt in terms so distinct and unqualified that [a promise to pay] may be implied.' " *Id*. at 699, 249 P.3d at 1154 (quoting *Mahas v. Kasiska*, 47 Idaho 179, 186, 276 P. 315, 317 (1928)). As examples of conduct that falls short of this standard, we noted there is no distinct and unqualified acknowledgment where: (1) a debtor demands release from the judgment in exchange for new terms of repayment; (2) a debtor agrees to be bound by the outcome of arbitration; or (3) a jointly and severally liable debtor expresses a willingness to help collect payment from the other debtor. *Id*. Each of these examples disclose the debtor's own unwillingness to pay the full amount due. *See id.* (citing *Mahas,* 47 Idaho at 186, 276 P. at 317). "Thus, while the finding of an acknowledgment is precluded by a debtor's statement or conduct suggesting any hesitancy regarding payment of the full debt, conduct that admits liability exists and imposes no qualification upon that liability is sufficient to renew the statute of limitations." *Id*.

6

Like *Dorsey*, the issue here is whether Sandow unequivocally acknowledged the Note and thus reinitiated the statute of limitations. Drakos argues an acknowledgement under section 5-238 simply requires some writing, signed by the debtor, acknowledging the debt. According to Drakos, an acknowledgement under section 5-238 was made because Sandow signed the original Note promising to pay the $200,000.00, plus interest. Section 5-238 implicitly requires a *new* writing and a distinct and unqualified acknowledgment. *See Dorsey*, 150 Idaho at 699–700, 249 P.3d at 1153–54 (holding Dorsey revived the statute of limitations period when he signed a separate written agreement that contained a provision for payment as a condition of Dorsey's parole); *see also Cassia Creek Reservoir Co. v. Harper*, 91 Idaho 488, 492, 426 P.2d 209, 213 (1967) (rejecting a creditor's argument that debtor's conduct as a shareholder served as an acknowledgment of the debt because that conduct did not include execution of an independent signed writing); *see also Mahas*, 47 Idaho at 181, 276 P. at 317 (holding letters written by debtor that acknowledged a debt but expressed neither a promise to pay nor an admission of liability were insufficient to extend the statute of limitations).

Here, Sandow did not provide a *new* writing that unequivocally acknowledged the willingness to pay. The record demonstrates that multiple conversations occurred between Drakos and Sandow where Sandow explained to Drakos his inability to repay the Note due to the collapse of his business ventures. Drakos admitted these conversations occurred. Thus, the record shows, just like in *Mahas*, Sandow expressed hesitancy regarding payment of the debt and made no additional promise to pay. When hesitancy about payment of the debt is expressed, there can be no "distinct and unqualified acknowledgement" to revive the applicable statute of limitations. *See Dorsey*, 150 Idaho at 699, 249 P.3d at 1154. The district court did not err in granting summary judgment for Sandow because the action was barred by the statute of limitations and Drakos failed to show Sandow reinitiated the statute of limitations through an acknowledgement under section 5-238.

**C.     The district court did not err in denying Drakos' motion for reconsideration because Drakos failed to establish the legal services Sandow provided were performed as payment on the Note.**

After the district court found Drakos' action was time-barred on summary judgment, Drakos asserted a new issue on reconsideration in an attempt to circumvent the statute of limitations. Drakos argued that Sandow had performed legal services for Drakos on an independent matter and that the attorney fees for those services were credited to the interest owing on the Note.

7

The district court denied Drakos' motion, finding Drakos did not satisfy his burden in proving that the fee for the legal services Sandow provided for Drakos was performed as payment on the Note. Drakos argues the district court erred in denying his motion because Sandow provided legal services as payment on the Note. According to Drakos, monetary payments were unnecessary to show payment. Instead, Sandow's time and skill expended on Drakos' independent collection claim were enough to show payment on the Note.

Idaho Code section 5-238 provides "any payment of principal or interest is equivalent to a new promise in writing, duly signed, to pay the residue of [a] debt." "The party asserting a renewal of the promise bears the burden of proof." *Modern Mills, Inc. v. Havens*, 112 Idaho 1101, 1104, 739 P.2d 400, 403 (Ct. App. 1987). This burden may be satisfied through evidence of payments toward a debt's principal or interest. *See id.* at 1104, 739 P.2d at 403. Payments can be monetary or take other forms such as labor. *See Dorsey*, 150 Idaho at 699, 249 P.3d at 1154 ("[I]f one requests the opportunity to pay an existing debt in a certain way, e.g., *in labor*, he acknowledges the debt and revives the running of the statute of limitations.") (emphasis added).

In *Modern Mills*, a creditor introduced evidence showing a debtor had instructed part of a payment creditor received be applied to interest on an existing promissory note between the creditor and debtor. 112 Idaho at 1104, 739 P.3d at 403. The evidence included carbon copies of an unsigned receipt and a check stub, both of which included notations reflecting that part of the payment be applied toward interest on the note. *Id.* There was also testimony that the debtor had instructed creditor that part of the payment was to be applied toward interest on the note. *Id.* Based on the evidence, the Idaho Court of Appeals upheld the district court's finding that the promise to pay had been renewed and the applicable statute of limitations had been revived through the partial payment. *Id.*

Drakos carried the burden of showing the legal services Sandow performed were intended as credit toward interest on the Note. *Id.* Drakos failed to satisfy this burden. As the district court explained:

> [Drakos] ha[s] not come forward with a retainer agreement or any kind of written agreement indicating that Sandow's work would be credited to the interest on the Note. [Drakos] ha[s] not provided any evidence that Sandow was paid at all. [Drakos] ha[s] not even provided the amount that the interest on the Note was supposedly reduced after the credits for Sandow's work. Without any of this information, the [c]ourt cannot find that Sandow either provided a writing or made a payment on the Note or the interest, and therefore cannot find that the statute of

8

limitations was extended pursuant to the requirements of Idaho Code [section] 5-238.

"[W]here the evidentiary facts are undisputed and the trial court rather than a jury will be the trier of fact, summary judgment can be granted despite the possibility of conflicting inferences arising from those undisputed facts." *Med. Recovery Servs., LLC v. Neumeier*, 163 Idaho 504, 508, 415 P.3d 372, 376 (2018). The trial court did not err in applying this standard to the facts before it. Although Sandow conceded he performed legal services for Drakos on a separate collection matter, Sandow explained that those services were minimal and performed free-of-charge. In addition, there is no invoice to Drakos for legal services requesting a credit against the debt or interest, and there is no documentation showing Drakos credited Sandow for the services performed. Thus, while Drakos alleges by way of his affidavit that Sandow "performed legal services for me to reduce the amount of the interest due on the principal of the promissory note, . . ." and that "Sandow was given credit for his services on the interest owed in the case before the court," the trial court was free to make the inferences it found most reasonable. *Id*. Drakos' argument was unpersuasive to the district court, especially given that Drakos admitted no payments were ever made on the Note. The district court made a well-reasoned inference from the evidence before it and concluded that a naked assertion without more, i.e., an invoice or other proof of payment, was insufficient to prove Drakos' claims. Therefore, we hold the district court did not err in denying Drakos' motion for reconsideration.

## VI. CONCLUSION

For the reasons discussed here, we affirm the district court. Costs on appeal are awarded to Sandow under Idaho Appellate Rule 40(a).


Chief Justice BURDICK, Justices STEGNER, MOELLER and Justice *pro tem* SCHROEDER, CONCUR.

9